June Term,<br>1861.<br><br>Schoonmaker<br>v.<br>Taylor et al.

---

## Schoonmaker vs. Taylor and others.

Where a husband and wife executed a mortgage on land to secure the husband's bond made at the same time for a sum of money to be paid several years after date, with interest payable semi-annually, it was *held*, that a provision in the mortgage declaring the whole debt to be payable upon default in the payment of any instalment of interest, must be considered a part of the agreement, although the *bond* contains no such provision.

*Held*, also, that it was not necessary that notice of the mortgagee's election to consider the whole sum due after such default, should be served upon the wife, although the mortgage was upon the homestead.

*Held*, further, that a notice of such election served upon the husband, was sufficient though it purported to be signed by the mortgagee *per* his attorneys, and did not show on the face of it proof of their authority.

APPEAL from the Circuit Court for *Milwaukee* County. This was an action to foreclose a mortgage given by *Jonathan Taylor* and *Mary*, his wife, to secure a bond of same date, given by *Jonathan Taylor* for a certain sum of money, with interest payable semi-annually. The mortgage contained a stipulation that upon any default in the payment of interest when it should fall due according to the terms of the

bond, or within ten days thereafter, the whole debt should, at the option of the mortgagee, be immediately due and collectable. The complaint alleged such default in the payment of interest; the election by the mortgagee that the whole debt should become due; and notice thereof to the defendant *Jonathan Taylor*. The answer of *Taylor* and wife alleged that the bond secured by the mortgage did not contain any stipulation that the whole debt might be deemed due upon any default in the payment of interest; that the mortgage did not contain any covenant for the payment of the debt; that the mortgaged premises were the homestead of the defendants, and that no notice had been given to the defendant *Mary* before the commencement of the action, that the plaintiff had elected to consider the whole debt due. The answer also stated that the only notice which the defendant *Jonathan* had received of such election was the following: "To Jonathan Taylor, Esq.—You are hereby notified that inasmuch as you have failed to comply with the conditions of your bond and mortgage executed to me," &c. Here followed a description of the bond and mortgage, with a statement of the default which had occurred, and of the plaintiff's election to consider the whole debt due, &c. The notice was subscribed "Margaret Schoonmaker, by Small & Cogswell, attorneys." A demurrer to the answer was overruled, and the plaintiff appealed.

*Small & Cogswell,* for appellants:

1. As to the right to foreclose for the whole debt: (1). The mortgage contains an implied admission of indebtedness, from which a personal covenant for the payment of the debt would be implied in the absence of any statute on the subject (2 Greenleaf's Cruise, 68, note; 8 Mass., 558); and although sec. 6, chap. 86, R. S., forbids this implication, it expressly leaves the remedy of the mortgagee against the land unaffected; so that without any bond or personal covenant whatever, the mortgage could be foreclosed for the whole sum. (2). The mortgage does contain a covenant for the payment of the debt. (3). The bond and mortgage are but one instrument, and are to be construed together. R. S. *ubi supra.* See *Tiernan vs. Hinman,* 16 Ill., 400; *Ottowa Pl.*

*R. Co. vs. Murray*, 15 id., 336.   2. As to the objection that *Mary M. Taylor* was not notified of the plaintiff's election, counsel cited secs. 23, 24, chap. 134, R. S.; *Hoyt vs. Howe*, 3 Wis., 760.

*Butler, Buttrick & Cottrill*, for respondents :

1. The mortgage is collateral to the bond, and is subject to its terms and conditions; the latter being " the principal thing," and the former only " the incident." If however the clause in the mortgage allowing the whole debt to become due upon any default, is to govern, the mortgage becomes the principal thing, and a new contract is substituted for that contained in the bond. The clause in question is in the nature of a penalty, and should not be enforced unless its validity is made out beyond question. But in *Martin vs. Weil*, 8 Wis., 220, it was held that an answer setting up this very defense was not frivolous ; in other words that it raised a question of law which was open to argument. 2. Notice should have been given to the wife. Her interest in the homestead is both by the statute and by the decision in *Phelps vs. Rooney* (9 Wis., 70), recognized as a present right or interest *in esse*, and not a mere inchoate or contingent claim. She was a party to the contract which contained the forfeiture clause, and without her signature it would not have been valid. How then can she be charged without notice to her ? 3. The notice served on *Jonathan Taylor* describes a mortgage executed by him, and not one executed by him and his wife. Again, the notice is not from the mortgagee but from her attorneys ; the giving of such a notice was not within the ordinary scope of their authority as attorneys, and there is nothing on the face of the notice showing their authority to give it.

*By the Court*, PAINE, J.   It is well settled that where several instruments are executed together as parts of the same transaction, they are all to be considered in determining what the agreement was. There can be no doubt that this principle is applicable to a bond and mortgage executed to secure a debt. And the provision in the mortgage giving the mortgagee the option to consider the whole sum due on de-

fault in any payment, must be considered a part of the agreement though not contained in the bond. The nature of the provision, which is somewhat severe and penal in its character, cannot change the rules by which it is to be determined whether or not it was really a part of the agreement. *Kennion vs. Kelsey et al.*, 10 Iowa, 443.

The notice of the election of the mortgagee to consider the whole sum due, is sufficient. Though it is signed by the plaintiff by her agents, it could not have been necessary to have shown on the face of it proof of their authority.

And we do not think it was necessary that the notice should be served on the wife. She was not the debtor. And although the mortgage was on the homestead, and her signature necessary to its validity, yet that does not connect her personally with the debt, any more than in any ordinary case where the wife signs a mortgage securing her husband's note or bond. It is as though a demand of the debt had been necessary. In such case it would clearly be sufficient to demand it of the debtor. So a notice which relates merely to the debt, is sufficient if served on the debtor. The wife is made a party to the foreclosure, so that her right of redemption is not cut off without an opportunity to pay if she desires.

The judgment is reversed, with costs, and the cause remanded with directions to enter judgment for the plaintiff.