Shadbolt & Boyd v. Shaw.

---

SHADBOLT & BOYD v. SHAW ET AL.

1. **Evidence**: MEMORANDUM. S., being charged with others for a bill of goods, insisted that he was a guarantor only for the payment of a part, whereupon the agent making the sale produced a memorandum containing a list of the goods ordered and signed by S.: *Held*, that the memorandum was competent evidence to corroborate the testimony of the agent.

2. ———: RES GESTÆ. Evidence showing that S. held a chattel mortgage upon the stock of his co-defendants at the time of the purchase, and that he subsequently became the owner of the stock, was *held* competent as tending to show whether or not he intended simply to become a guarantor when he signed the memorandum.

3. **Instruction**: PRACTICE. It is not error to refuse an instruction whose principle is distinctly announced in other instructions given.

4. ———: ———. An instruction which is not based upon any issue in the case should be refused.

5. ———: ———. An instruction will not be held erroneous for verbal defects which are not misleading.

*Appeal from Jones District Court.*

TUESDAY, JUNE 15.

ACTION upon an account for goods sold by plaintiffs to defendants. There was a verdict and judgment for plaintiffs; defendant Shaw appeals. The facts of the case appear in the opinion.

*Remley & Remley*, for appellant.

*Sheean & McCarn* and *S. T. Pierce*, for appellees.

BECK, J.—The petition alleges that the goods were sold to defendant, Shaw, and a firm of the style of Tice & Atkinson, who are joined as defendants in this action, and that through mistake the amount of the bill for the goods was included in a note given by Tice & Atkinson, for another bill of merchandise purchased by them of plaintiffs. The defendants answer the petition separately, Shaw denying all its allegations; the other defendants admitting the purchase of the goods, aver that the note was given by them and received by plaintiffs in payment therefor.

The questions of fact in issue between plaintiffs and Shaw may be briefly stated. Plaintiffs claim that the goods were sold upon the joint credit of Shaw and the firm. Shaw insists that he was but guarantor of the firm upon their purchase of the merchandise, and that his liability as such was expressly limited by the terms of the guaranty to $500.

We will proceed to the consideration of the objections urged against the judgment by appellant. The other facts of the case will be stated in the discussion of the questions decided.

I. The purchase of the merchandise was made by an order given to an agent of plaintiffs, upon his personal solicitation. The order had been given, or partly given, when the agent was led to doubt the solvency of Tice & Atkinson, and informed them that he declined accepting the order. Thereupon Shaw was brought or came with the parties to the agent, and, as the agent testifies, united with them in the order for the goods. Upon his examination, the agent produced a memorandum book containing bills of goods ordered of him and other matters. In it appeared the bill alleged to have been ordered by defendants. Shaw's name was written by himself on a page of the book which has, both preceding and following the name, items of the bill ordered. The agent testified that the goods appearing on the lines preceding Shaw's name were ordered before he was led to doubt

1 EVIDENCE: memorandum.

the solvency of the firm; those after were ordered upon Shaw becoming a party to the contract. He states that when Shaw united in the order, he wrote his name in the place where it appears. He united in the order for the whole bill of goods made at that time. His name was written in the body of the bill for the reason that he had not leisure to wait till the whole order was made out. The memorandum book was admitted in evidence against defendant's objection. We think it is competent evidence. It tended to corroborate the testimony of the agent in connecting Shaw with the transaction. It was a memorandum of goods sold and of the parties purchasing. As Shaw had written his own name in the memorandum as a part of the transaction, it was competent as evidence, for whatever it was worth, against him, in order to show the particulars of the transaction and his connection with it.

II. Evidence was introduced by plaintiffs, to which exceptions were made by defendant, tending to prove that, at the

2. ————:
res gestæ.

time of the sale of the goods, Shaw held a chattel mortgage upon the stock of Tice & Atkinson; that subsequently the mortgage was cancelled and a new one, covering further advances by Shaw, as well as the old debt, was executed; that at the execution of the last mortgage the parties "intended to leave $1,000 in Shaw's hands with which to pay plaintiff's claim;" that this sum was reduced to $700, by the firm receiving from Shaw the difference; that the goods bought of plaintiffs were put in the general stock, which was covered by Shaw's mortgage, and that Shaw foreclosed the mortgage and bought in the goods.

In our opinion this evidence, with other matters of like character which were admitted, is not incompetent. It serves to explain the act of Shaw in uniting in the order and to account therefor, by showing his interest in the property of the firm, and thereby to corroborate plaintiffs' evidence tending to establish his liability as a joint purchaser. His intentions may be fairly inferred by his acts, both after and at the time of the transactions upon which the claim is made against him. His having a lien upon the stock of the firm, to which

the goods were added, and reserving $1,000 of future advances to pay plaintiffs, and becoming finally the owner of the stock, including a part of the goods purchased of plaintiffs, all tend to account for his action in ordering the goods and explain his intentions at the time of the transaction. These acts following one another in the order stated, explain how he expected to protect himself from loss by his purchase. They corroborate the evidence of plaintiffs, tending to establish his liability as purchaser.

III. The defendant requested an instruction to the effect that if Shaw's contract was one of guaranty, plaintiffs could not recover, the action being founded upon a contract of purchase. The same principle was distinctly announced to the jury in instructions given upon the court's own motion. There was no error, therefore, in refusing the one asked by defendant.

3. INSTRUC-
TION: practice.

IV. The court was also requested by defendant to inform the jury that, if they found plaintiffs received Tice & Atkinson's note in payment of the bill of goods, the plaintiffs cannot recover. A promissory note given upon an existing indebtedness will not operate as payment thereof, unless there be a special agreement to that effect, or unless it be received in satisfaction of the debt. *Gower v. Holloway*, 13 Iowa, 154; *McLaren v. Hall*, 26 Iowa, 297. There was no evidence establishing such an agreement, or tending to prove that plaintiffs received the note with the intention of discharging the debt against defendant. The instruction was therefore correctly refused.

4. ———:
———.

V. Three other instructions, designed to direct the attention of the jury to certain evidence and the fact that the burden of proof rested on plaintiffs, were refused by the court. The same matters were sufficiently referred to and explained in instructions given by the court. There was no error in refusing to repeat the same directions in the form as presented by the refused instructions.

VI. Objections are urged to the instructions given to the jury. They are really criticisms upon the language of the court, and attempts to show that it may, or does, bear an

interpretation which would mislead the jury or announce incorrect principles. The meaning of the instructions is obvious, and they announce correct rules. They demand no farther consideration.

VII. The court directed the jury that if they found for defendants, their verdict should be in this form: "We, the jury, find for defendants." Counsel insists that, in the use of the plural, "*defendants*," the jury were in effect directed, if they found Tice & Atkinson liable in the action, they should find against defendant Shaw; that is, they could not find against a part of the defendants without including all. Shaw alone contested his liability; the jury certainly understood this fact. We cannot believe that the jury, which doubtless was of usual intelligence, could have been led by this instruction into the belief that unless they found for Tice & Atkinson, they were required to find against Shaw. No possible prejudice could have resulted from the language of the instruction.

VIII. It is insisted that the verdict is not supported by the evidence. We think otherwise. Certainly it does not so want the support of evidence that we are required to disturb it.

AFFIRMED.