## THE GERMAN BANK v. GRIFFIN ET AL.

PAYMENT: CONTRACT: INTEREST.

*Appeal from Delaware Circuit Court.*

THURSDAY, JUNE 17.

ACTION in chancery to foreclose a mortgage. There was a decree of foreclosure in the court below, from which defendants appeal. The facts of the case appear in the opinion.

*Charles Husted* and *Ray B. Griffin,* for appellants.

*M. H. Beach,* for appellee.

BECK, J.—The note secured by the mortgage provides for the payment of interest annually, and the mortgage stipulates that upon the failure to pay interest when it becomes due, the principal becomes payable and the mortgage may be foreclosed. The note and mortgage were executed to George B. Hamilton, and transferred to plaintiff, after default in the payment of the first year's interest. Thereupon, this action was brought to foreclose the mortgage, under the stipulation first stated.

The defendants claim, in their answer, that the interest was paid to the payee of the note before it was transferred to plaintiff. The testimony shows

that the payee Hamilton received from the defendant Ray B. Griffin certain notes secured by mortgages which he agreed in writing to apply in payment of certain other mortgages, and the balance remaining in his hands to be credited on interest to become due to Hamilton, on notes and mortgages held by him. Defendants insist that of this balance Hamilton held sufficient to pay the interest upon the note and mortgage in suit, and that the interest ought to be regarded as paid to him. They claim that the plaintiff holds the paper subject to the payment.

But a difficulty stands in the way of this claim, in that the writing was executed by Hamilton after the transfer of the note and mortgage to plaintiff. The abstract may show this state of facts by an error as to the date of the writing. We are inclined to think such error exists, as counsel for plaintiff does not notice the point.

But conceding that this writing was made before the note and mortgage were transferred, we think the evidence shows that Hamilton applied the balance in his hands in payments authorized by subsequent arrangements with Griffin, and upon other notes held by him to which he was authorized, by the writing, to apply such balance. Hamilton so testifies, and, as we understand the writing, his testimony accords therewith. In this view of the case there had been no payment made upon the interest due on the note in suit. This relieves us of the duty of deciding the question argued by counsel; namely, whether payment of interest to Hamilton may be shown as a defense to the notes in the hands of the indorsee, the plaintiff.

The judgment of the Circuit Court must be

AFFIRMED.