| 82 | 757 |
| 93 | 150 |

GEORGE M. DEAN, Administrator, Appellant, v. JOEL RIDGEWAY et ux.,
Appellees.

Mortgages: FORECLOSURE: PAYMENT: EVIDENCE:

*Appeal from Allamakee District Court.*—HON. L. O. HATCH, Judge.

FRIDAY, MAY 15, 1891.

THIS is an action in chancery to foreclose a mortgage executed by
the defendants to plaintiff's intestate. Upon a trial on the merits, the
district court dismissed the plaintiff's petition. He now appeals to
this court.—*Reversed.*

*Stilwell & Stewart* and *Hendrick & Deremore*, for appellant.

*D. W. Reed* and *J. H. Trewin*, for appellees.

BECK, C. J.—I. The mortgage in suit secures five promissory
notes providing for annual interest, and contains a condition to the
effect that, on a failure to pay either the principal or interest of the
notes when due, the whole amount shall become due and payable, and
the mortgage may be foreclosed therefor. It is alleged in the petition
that on the eleventh day of March, 1887, the sum of five hundred and
seventy-three dollars and thirty-nine cents was due upon the notes
secured by the mortgage, and on that day the defendant executed to
the plaintiff's intestate a promissory note for that sum due one day
after date. It is admitted in the petition that on the sixteenth day of
May, following the execution of the note, the sum of twenty-five dol-
lars was paid thereon. But it is alleged no other payments have been
made on the interest. The defendants maintain, and so plead, that
the interest on the promissory notes secured by the mortgage has been
paid. They insist, and so testify, that the note for five hundred and
seventy-three dollars and thirty-nine cents was not given for interest,
but upon an account for rent, cash borrowed, and other items of indebt-
edness. They do not state, nor is it claimed, that the note has been
paid.

II. In our opinion, the strong preponderance of the evidence
shows that the note for five hundred and seventy-three dollars and
thirty-nine cents was given for interest. This is shown by frequent
admissions of the defendant proved at the trial, the fact that the
amount of the note is the sum due for interest on the day the note
bears date, and other circumstances we need not here recite. We are
clear in the conclusion that the note was given for the interest. The
defendants testify that the interest was paid before the note referred
to was made, and the payments thereof were made at the maturity of
the interest. Their testimony on this point, it is claimed, is supported
by indorsements on each note, in the following language:

"Interest paid on the within note to March 10, 1887. We, C. H. Burgess and Barbara Burgess, in consideration of the maker of the within notes having paid so much interest thereon, and in further consideration of the many acts of kindness bestowed upon us by the said maker, Joel Ridgeway, do, therefore, hereby provide that this note shall not draw interest from and after March 10, 1887, and we do hereby release him from the payment of any more interest on the within note.

his

"Charles  ✕  H. Burgess.

mark.

her

"Barbara  ✕  Burgess.

mark.

"Witnesses:    Malinda John.

"Al. Wilber."

The defendant testifies that he wrote the first indorsement reciting the payment of the interest, which appears in his handwriting. It is shown that the other indorsement was made by another person, upon the request of the wife of the intestate, who was not present. It was taken by the wife to her home in order to procure the signature of her husband, and the evidence shows that he afterwards signed it. It clearly appears that this indorsement was not signed until after the day it was written and bears date, and that the interest was calculated up to that date, and amounted to the sum expressed in the note. There is no evidence authorizing the conclusion that the interest was paid at the time or before the indorsements were signed. The evidence satisfies us that the decedent intended to release the defendant from payment of the interest accruing after the date of the indorsement, and that the note was given for the interest due; and we are equally clear in the conclusion that no interest was paid by defendant upon the notes. It is strange, indeed, that he should, as the interest became due, pay it, and omit to make indorsements on the notes of the payments thereon. The defendant understood that indorsements of payments were proper, and ought to be made, and he was capable of making them, but there are no such indorsements. The indorsement covering all the payments is not signed, and it is in defendant's own handwriting. If evidence at all, it is of the very weakest character. Our conclusion is that the recitation of payments of interest found in the several indorsements is equally insufficient to establish the fact of payment. The intestate took the note for the interest, and he may have referred to that note as securing interest, but the statement of the payment of interest having been made cannot cover the sum of five hundred and seventy-three dollars and thirty-nine cents; for, as we have seen, interest to that amount was not paid, but was then due, and for it the note was given. It will be observed that the second indorsement simply recites that it is made "in consideration of the maker of the within note having paid so much interest thereon." The amount of interest referred to, and when paid, does not appear.

We cannot presume that it was all the interest due on the notes and paid at the maturity thereof.

III. The note given by the defendant for interest does not discharge the debt, and operate as a payment of the interest, unless there was an agreement of the parties to that effect. This conclusion is based upon familiar doctrines of the law. Byles, Bills [4 Am. Ed.] 546, and notes; 7 Am. Ed.; *Gower v. Halloway*, 13 Iowa, 154; *McLaren v. Hall*, 26 Iowa, 297; *Shadbolt v. Shaw*, 40 Iowa, 583; *Iowa Co. v. Foster*, 49 Iowa, 676; *Carlin v. Heller*, 34 Iowa, 256.

IV. The evidence fails to establish the conclusion that the parties agreed that the giving of the note should operate as payment of the interest, and as a discharge of the indebtedness therefor. We conclude, therefore, that interest to the amount of the note given therefor, five hundred and seventy-three dollars and thirty-nine cents, was due and payable when the suit was brought, and, therefore, that, under the terms of the mortgage, the whole amount became payable, and that the mortgage ought to have been foreclosed by decree giving proper relief to the plaintiff.

The cause will be remanded to the court below for a decree in harmony with this opinion, or, at the option of plaintiff, such a decree may be rendered here. REVERSED.