JOHN R. SWEARINGEN V. CHARLES LAHNER, THOMAS LAHNER AND R. M. PLATT, Administrator of the Estate of ANTON LAHNER, Deceased, *et al.*, Appellants.

| 93 | 147 |
|----|-----|
| 97 | · 631 |
| 93 | 147 |
| 104 | 440 |

**Mortgage Foreclosure.** A note became due at "holder's option" upon
1 default in interest. Under the mortgage made to secure the note, the note became due in thirty days after such default. Interest
2 fell due in March and was tendered in September, before any suit was begun. *Held*, the note and mortgage should be construed together, but whether this be done, or whether either note or mortgage control, the interest was not tendered in time to defeat foreclosure.

**Practice: ELECTION.** The beginning of foreclosure was sufficient
4 notice of intention to use the option given in said instruments.

**SAME: WAIVER.** The stipulations as to option do not create forfeit-
3 ures, and, therefore, a delay of seven months in executing said
6 option does not defeat it.
5 **SAME.** At any rate such waiver or estoppel must be pleaded.

*Appeal from Fayette District Court.*—HON. L. O. HATCH, Judge.

WEDNESDAY, DECEMBER 19, 1894.

Suit in equity to foreclose a mortgage. Defendants, other than the administrator, Platt, answered, averring that the notes in suit were not due; that plaintiff had done nothing to declare any option he might have of declaring them due; and averred a tender of the interest, due before the commencement of the suit. Defendant Platt, as administrator, answered that the notes which the mortgage was given to secure were never filed against the estate he was administrator of, and that this action was not commenced within one year from the time of his appointment as administrator, and he asked that no claim be established against the estate. Plaintiff demurred to these answers, and the demurrers were sustained; and, defendants electing to stand thereon, a decree of foreclosure was rendered as prayed, and defendants appeal.—*Affirmed.*

*Woodward & Cook* for appellants.

*D. W. Clements & Son* and *Cardell & Nichols* for appellee.

Deemer, J.—The notes on which the suit is predicated contain the following condition: "And, in case of non-payment of interest when due, the whole sum of principal and interest to become due and collectable at the holder's option." The mortgage made to secure them has this stipulation: "And it is hereby further agreed that, if the said Anton Lahner allows the taxes to become delinquent upon said property, or permits the same, or any part thereof, to be sold for taxes, or if he fail to pay the interest on said note

promptly as the same becomes due, the note secured hereby shall become due and payable in thirty days thereafter, and the mortgagee, their heirs or assigns, may proceed at once to foreclose this mortgage; and, in case it becomes necessary to commence proceedings to foreclose the same, then the said Anton Lahner, in addition to the amount of said debt, interest, and cost, agrees to pay the mortgagee herein named, or to any assignee of the mortgagee herein, a reasonable attorney's fee for collecting the same, which fee shall be included in judgment in such foreclosure case." Unless these provisions caused the notes to mature because of nonpayment of interest, and authorized the foreclosure of the mortgage, then the debt is not due; and it is upon the theory that such nonpayment did not mature the note until some election was exercised by the mortgagee, and notice thereof given to the mortgagor, that the answer of all of the defendants except the administrator was based. This answer also alleged that the defaulted interest was tendered before the commencement of this suit.

We have, then, these two propositions for determination: *First,* Was the holder of the note required to make an election, declare the notes due for the failure to pay interest, and give notice thereof to the mortgagors before commencing his suit? And *second,* did a tender of the interest due long after its maturity, but before the commencement of the suit, bar plaintiff of his right to foreclose for non-payment of interest? The interest became due on the notes in suit March 1, 1893, and was not paid, and no effort made to make payment, until September 23, 1893, when, it is alleged in answer, the defendants tendered the amount, with interest thereon to that time. This the plaintiff refused to accept, and on October 14th, without further notice, commenced this suit. Some

courts have held that contracts in notes, and mortgages
given to secure them are separate and independent, and
each contract must be construed with reference to its
own particular terms. *White v. Miller* (Minn.), 54 N.
W. Rep. 736; *McClelland v. Bishop*, 42 Ohio St. 113;
*Railway Co. v. Sprague*, 103 U. S. 756. Should we
adopt this rule, then it is clear from the authorities
cited that the stipulation in the mortgage itself author-
izes the remedy sought to be obtained in this case.
Plaintiff, in his petition, does not ask for a personal
judgment. He could not obtain it if he did, for the
maker of the notes is dead. The defendants are
the administrators and the heirs at law of the
maker of the note, and are made parties to
cut off their equity of redemption. True, plaint-
iff asks to have the claim established as a general claim
against the estate of the deceased, but the court, in
passing the decree, did not so order. The decree sim-
ply directed the sale of the real estate to pay the judg-
ment. So that, on defendants' theory of the case, we
think the court was right in sustaining the demurrer.
But the decided weight of the opinion in this country is
that a note and mortgage executed at the same time
and as one transaction are to be construed together,
and, so far as possible, construed as one instrument.
See *Noell v. Gaines*, 68 Mo. 649; *Chambers v. Marks*
(Ala.), 9 South Rep. 74; *Manufacturing Co. v. Howard*,
28 Fed. Rep. 741; *Schoonmaker v. Taylor*, 14 Wis. 313;
*Stanclift v. Norton*, 11 Kan. 218; *Mallory v. Railroad
Co.* 35 N. Y. Sup. Ct. Rep. 174; *Lantry v. French*
(Neb.), 50 N. W. Rep. 679. And this is the rule adopted
by this court in *Clayton v. Whitaker*, 68 Iowa, 412, 27
N .W. Rep. 296; *Sloat v. Bean*, 47 Iowa, 60; *Dobbins v.
Parker*, 44 Iowa, 375; *Dean v. Ridgway*, 82 Iowa, 757,
48 N. W. Rep. 923; *Bank v. Griffin*, 54 Iowa, 749, 6 N.
W. Rep. 155; *Kramer v. Rebman*, 9 Iowa, 114. The

notes in suit leave it optional with the holder whether he will declare the whole amount of principal and interest due upon nonpayment of interest when due; and the mortgage provides that, if the mortgagor fails to pay interest on the notes promptly as the same becomes due, the notes secured shall become due and payable in thirty days thereafter, and the mortgagee, his heirs or assigns, may proceed at once to foreclose the mortgage. The only inconsistency here relates to the option plaintiff may exercise, and the time within which it may be exercised, if required at all, after thirty days. But as, by the terms of either the notes or the mortgage, the plaintiff had the right, at the time he commenced the suit, to elect to treat both the principal and interest due, and proceed to foreclose, it is not necessary for us to put a construction upon these two stipulations. Stipulations such as are found in these notes and in the mortgage under consideration are not regarded in the nature of a penalty or forfeiture, and, for that reason, viewed with disfavor by the courts, but as agreements for bringing the notes to an earlier maturity than expressed upon their face, and are to be construed and the intention of the parties ascertained by the same rules as other contracts. *Hoodler v. Reid,* 112 Ill. 105; Wiltsie, Mortg. Forec., section 37; Jones, Mortg., section 76, 1181; *Kramer v. Rebman,* 9 Iowa, 114, and authorities heretofore cited. So it has been held that, after the happening of the contingency which matures the note, the mortgagee cannot be compelled to accept the interest due, and yield his claim for the whole amount. Jones, Mortg., sections 1179-1186, and cases before cited. Courts of equity have no power to relieve against the default and its consequences. *Malcolm v. Allen,* 49 N. Y. 448; *Bennett v. Stevenson,* 53 N. Y. 508; *Morling v. Bronson* (Neb.), 56 N. W. Rep. 205; *Whitcher v. Webb,* 44 Cal. 127. Applying these rules to the case

at bar, it is clear, not only that the notes were due when the action was commenced, but that, whether due or not, plaintiff had the right, under the express provisions of the mortgage, to foreclose against all having any interest in or claim to the land; and that the tender of the unpaid interest, six months after the note matured and the right to foreclose accrued, will not defeat the action. See, also, as supporting our conclusions, *Smalley v. Renken*, 85 Iowa, 612, 52 N. W. Rep. 507; *Watts v. Creighton*, 85 Iowa, 154; *Hale v. Patton*, 60 N. Y. 233.

There remains but one question: Was plaintiff required to give defendants notice of his election before bringing suit? This precise question has never been presented to this court, although many suits of the same nature, where no notice of election had been given, have passed through without question. The Supreme Court of Nebraska has held in the case of *Morling v. Bronson, supra,* that no notice other than the bringing of the suit is required. So, also, in California, it is held that no notice or demand is necessary. *Hewett v. Dean* (Cal.), 25 Pac. Rep. 753; *Sichler v. Zook* (Cal.), 29 Pac. Rep. 220. These cases, it seems to us, announced the true rule. The case is plainly one of contract, and plaintiff had the right, at any time after thirty days from default in payment of interest, to exercise his option, and declare the whole amount of principal and interest due, provided the mortgagor is in no way prejudiced by his delay. Bringing the suit is a sufficient election, and is all the notice required.

II. It is also insisted on the part of appellants that this election must be exercised within a reasonable time, or the plaintiff will be deemed to have waived the right. It seems to us the question does not fairly arise on this record. There is no pleading of waiver or estoppel, and nothing to show that

defendants have in any manner been injured by plaintiff's delay in bringing suit, and thus declaring the notes due. If the question did fairly arise, we would be loath to hold that a delay of seven months would estop plaintiff from declaring the principal sum due. The cases of *Hall v. Delaphine*, 5 Wis. 206, and *Berrinkott v. Traphagen*, 39 Wis. 219, are not in conflict with the rule here announced, because they relate to forfeitures. No doubt, if the provisions we have quoted were to be treated as penalties or forfeitures, there would be much force in defendants' position. But as they are not to be so treated, but rather as agreements between the parties, then lapse of time is only material on the question of waiver or estoppel; and, as neither waiver nor estoppel is pleaded, we need not discuss further. The cases of *Basse v. Gallegger*, 7 Wis. 442, and *Marine Bank v. International Bank*, 9 Wis. 57, are somewhat in conflict with the rules here announced, but they are clearly contrary to the decided weight of authority, and we decline to follow them. See *Harper v. Ely*, 56 Ill. 179; *Johnson v. Van Velsor*, 43 Mich. 208, 5 N. W. Rep. 265; *Heath v. Hall*, 60 Ill. 371.

III. The administrator insists that the court was in error in sustaining the demurrer to his answer. It is sufficient to say in this connection that the claim was not established against the estate of which he is administrator, and no order was made upon him. There is a judgment ordered, but, as we understand the record, it is simply a judgment *in rem*, subjecting the property, by special execution, to the payment of plaintiff's claim. No prejudice resulted from the sustaining of the demurrer. This disposition of the case renders it unnecessary that we dispose of the motion submitted to strike the assignment of errors. We reach the conclusion that the decree should be *affirmed*.