G. F. VAN VECHTEN v. ELIAS F. JONES AND P. D. JONES, Appellants.

**Payment:** EXTENSION. Where the payment of an interest coupon note is extended more than thirty days in all, from time to time, pending negotiation for a new loan from the holder of the note, which is finally refused, and the holder notifies the payee that the note must be paid by the first of April, the time of extension expires with the thirty-first day in March; and under a clause, contained in the principal note, that upon a failure to pay any of said interest within thirty days after due, the holder may elect and consider the whole note due, the holder may, on April 1, if the extended note is unpaid, declare the principal note and all the interest coupon notes due, and sue thereon.

SAME. Payment of an interest coupon, which will prevent the holder from foreclosing under the provision of his mortgage giving him the right to foreclose if any interest coupon remains unpaid thirty days after maturity, is not effected by depositing the amount thereof in bank other than that at which the principal note is payable, subject to the holder's order, and instructing the bank to notify him of the deposit and request him to forward the coupon.

**Principal and Agent.** An agent to collect an interest coupon has no implied authority to extend the time of payment or to negotiate a new loan.

*Appeal from Palo Alto District Court.*—HON. W. B. QUARTON, Judge.

SATURDAY, JANUARY 22, 1898.

ON April 18, 1895, the plaintiff filed his petition for judgment on a promissory note, and three interest coupons attached thereto, and for foreclosure of a mortgage on real estate given to secure said notes, which notes are, in substance, as follows: The principal note was executed July 31, 1891, by Elias T. Jones, for eight hundred dollars, with interest as per coupons attached, payable to T. W. Harrison, or order, on the first day of November, 1896, "at the Palo Alto County Bank, Emmetsburg, Iowa, * * * and upon a failure to pay any of said interest within thirty days after due the holder may elect to consider the whole note due, and it may be collected at once, with reasonable attorney's fees." The mortgage contains a similar provision. The three coupon notes attached bear the same date, are for sixty-four dollars each,—one payable on the first day of November, 1894, one on the first day of November, 1895, and one on the first day of November, 1896, each "at Emmetsburg, Iowa." Plaintiff alleges that he is the owner of said note, coupons, and mortgage by assignment from T. W. Harrison before maturity; that the same were past due and unpaid; and that "plaintiff elected, and does hereby elect and declare, the whole indebtedness on said note due and payable." P. D. Jones, having been made a defendant as claiming some interest in the mortgaged lands, filed his substituted answer, in substance as follows: He admits the execution of the notes and mortgage sued upon, denies for want of knowledge that plaintiff is the owner thereof, and specifically denies that said note and coupon notes are past due, or that there is any sum due and owing

thereon, and denies that plaintiff had a right to or did declare said indebtedness due and payable. For defense he alleges: That he is the owner in fee simple of the mortgaged lands. That, the coupons attached to said note being payable at Emmetsburg, Iowa, it had been the custom of the owners of said mortgage, including the plaintiff, to deposit the coupons as they matured in the First National Bank of Emmetsburg, Iowa, and with J. J. Watson, at his office in Emmetsburg, Iowa, for payment and collection. That, in accordance therewith, plaintiff forwarded to Watson the coupon maturing November 1, 1894, for payment and collection as aforesaid. That this defendant negotiated with plaintiff personally and through his agent, Watson, for a new loan on said premises whereby to pay the loan represented by the notes in suit. That plaintiff continued the negotiations until in March, 1895, when he announced, through Watson, his refusal to make the loan. That on or about March 1, 1895, and while said coupon was in the possession of Watson for collection, this defendant offered Watson the amount thereof, and that by reason of said negotiations for a loan Watson waived the payment thereof. That on the sixteenth day of March, 1895, plaintiff wrote this defendant as follows: "Unless the E. F. Jones coupon of $64.00 and interest on it since Nov. 1 last is paid by the first of April, I shall be compelled to commence foreclosure proceedings." That on the first day of April, 1895, defendant called at the office of Watson for the purpose of paying said coupon. That without knowledge of this defendant, plaintiff had withdrawn said coupon from the possession of Watson, for which reason defendant could not pay the same to him. That defendant then went to the First National Bank, to pay the same, but that the coupon was not in the possession of said bank. That he thereupon gave notice to Watson, the bank, and the plaintiff of his desire to pay said coupon when

the same should be surrendered. That plaintiff knew that defendant had on deposit in said bank sufficient funds for the payment of said coupons, and that he has at all times since March sixteenth been ready and willing to pay the same, but has been prevented by accident, mistake, and the inequitable conduct of the plaintiff as aforesaid. Defendant avers that plaintiff waived his right to declare said indebtedness due, wherefore he prays that he be permitted to pay the plaintiff the amount due upon said interest coupon, and that this suit be dismissed, at the plaintiff's cost. The defendant Elias F. Jones answered, making the allegations of the answer of P. D. Jones, his answer to the petition. Plaintiff replied at length, which reply seems to have been addressed to the original, rather than to the substituted, answer of P. D. Jones. It denies that Watson was the agent of the plaintiff, that the plaintiff extended the time of payment of said first coupon, that defendant stood ready and willing to pay the same, that Watson had any authority to extend the time of payment, and, in effect, denies all the allegations tending to show that plaintiff did not have the right to declare said mortgage indebtedness due. Judgment was entered in favor of the plaintiff upon the principal notes and for the interest matured thereon as per coupon notes, and decree foreclosing the mortgage. Defendants appeal.— *Affirmed.*

*E. A. Morling* and *Jones & Jones* for appellants.

*A. T. Cooper* and *McCarty & Linderman* for appellee.

Given, J.—The defendant P. D. Jones purchased the mortgaged land, and as part of the consideration agreed to pay this mortgage indebtedness. It is not questioned but that, under the terms of the note and

mortgage, plaintiff had the right to declare the whole indebtedness due because of the failure to pay the interest coupon due November 1, 1894, were it not for the matters set up as constituting a waiver of that right, and an extension of the time of payment. See *Swearingen v. Lahner,* 93 Iowa, 152. We now inquire whether there was a waiver or extension of the time of payment of said first coupon. It appears that on November 3, 1895, the plaintiff sent said coupon to J. J. Watson at Emmetsburg, for collection; that defendants were informed of that fact; and that, the coupon not being paid, Mr. Watson returned it to the plaintiff on March 15, 1895. Defendants contend that payment was tendered to Mr. Watson within thirty days, and while the coupon was in his possession; that payment was declined, Watson agreeing to extend the time until it was ascertained whether the loan which defendant solicited from plaintiff would be made. There is no doubt but that the defendant P. D. Jones did seek to secure a loan from the plaintiff through Mr. Watson, and that plaintiff declined to make the loan. We do not think that the claim that payment was tendered to Watson is sustained. We are satisfied that the defendants relied upon effecting a loan from the plaintiff for the means with which to pay that coupon. Nor do we think that the claim that Watson agreed to an extension of the time of payment is sustained. Whether or not Watson so agreed is immaterial, as it is entirely clear that his only authority from plaintiff was to collect the coupon, and that he had no authority to extend the time of payment or to negotiate a new loan. In view of these conclusions, it is clear that up to March 15 the plaintiff had not done, or authorized the doing of, anything that waived his right to declare the entire indebtedness due because of the failure to

pay said interest coupon within thirty days after its maturity. On March 16, 1895, the plaintiff wrote to defendant P. D. Jones that, unless the coupon due November 1, 1894, "is paid by the first of April, I shall be compelled to commence foreclosure proceedings." Let it be conceded that this was an extension of the time of payment to April 1, yet the right remained to plaintiff to declare the whole debt due if payment was not made by that date. Notwithstanding this notice to defendant, it does not appear that any attempt was made to ascertain the whereabouts of the coupon, or to make payment thereof, until the first day of April, 1895. On that day, defendant P. D. Jones called upon Watson, as he says, for the purpose of paying the coupon. Watson not having it, he went to the First National Bank, and failed to find it there. He says that he had on deposit in that bank funds for the paying of the coupon, and that the plaintiff knew that fact. Defendant does not explain why he did not inquire for the coupon at the Palo Alto County Bank, where the principal note is payable, and why his deposit was not made in that bank. Under the circumstances, plaintiff was not bound to keep the coupon at Emmetsburg indefinitely, and the defendants should have availed themselves of the time between March 16 and April 1, in which to learn where payment might be made. The defendant P. D. Jones testifies that on the eleventh, twelfth, or thirteenth of April, 1895, he again inquired at the bank for the coupon, but, not finding it, deposited sixty-six dollars and fifteen cents subject to plaintiff's order, and told the bank to notify him of the deposit, and to send up the coupon. Under the facts, such a deposit was not a payment of the coupon, and it was only payment at maturity, or within any extension that may have been granted, that would have deprived the plaintiff of the right to declare the whole debt due. We are satisfied.

from all the evidence that the defendant P. D. Jones, relying upon securing a loan from the plaintiff, failed to pay or tender payment of this coupon as by the terms of the notes and mortgage he was bound to do, and therefore the plaintiff had a right to and did declare the whole debt due. It follows from these conclusions that the judgment of the district court must be AFFIRMED.