OMAHA BANK FOR COOPERATIVES OF OMAHA, Appellant, v. FRED NOVOTNY, Appellee.

No. 46560.

MARCH 6, 1945.

L. W. Bicknell and John E. Eidam, both of Omaha, Nebraska, L. W. Powers, of Denison, and Thomas J. Bray, of Oskaloosa, for appellant.

Gilmore, Moon & Bannister, Wilbur R. Dull, and McCash & Bookin, all of Ottumwa, for appellee.

WENNERSTRUM, J.— ■    The plaintiff, holder of a note by assignment, brought an action against the defendant seeking judgment on the note previously given by him to the Iowa Poultry Producers Marketing Association. At the conclusion of all the evidence plaintiff's motion for a directed verdict was sustained. Thereafter defendant filed a motion for a new trial in which he contended that the note sued on and a receipt given at the same time that the note was executed should be construed by the court so that defendant's liability would be limited to certain contemplated retentions to be made by the assignor from sales of poultry products by the defendant. On this theory the court granted a new trial and from this order the plaintiff has appealed.

The note originally given to the Iowa Poultry Producers Marketing Association and the endorsements thereon are as follows:

"50.00            Ottumwa, Iowa, Sept. 8, 1936.

For value received, on demand, I promise to pay to the order of the Iowa Poultry Producers Marketing Association Fifty Dollars at the Ottumwa Office with interest at the rate of five (5) per cent per annum from maturity upon all unpaid balances. The amounts due me and retained by the Association prior to the maturity hereof are to be applied to the payment of this note.

Fred Novotny

P. O. Traer Iowa R 1"

Endorsements:

"Deducted $4.20 to 10-14-39   Bal. $45.80 C. E. C.

Pay to the order of Omaha Bank for Cooperatives Omaha, Nebraska.

Demand for payment, notice of default or nonpayment, protest and notice of protest, and notice of extension, substitution or other collateral, or other indulgence, are hereby waived; and the rights of the holder shall remain undisturbed notwithstand-

ing any extensions of time, substitution of collateral or other in-dulgence granted by such holder.

> Iowa Poultry Producers Marketing Association
> By H. E. Hazen, President.''

There was attached to the original note at the time of its execution, but separated from it by a perforated line, a receipt, which is as follows:

''$50.00                                         No................
>                 Ottumwa, Iowa, Sept. 8, 1936.

The Iowa Poultry Producers Marketing Association hereby certifies that it has received from Fred Novotny Traer, Iowa cash in the amount of $................ and note in the amount of $50.00

The amount not paid in cash, is to be paid by deduction, in addition to the revolving fund, of one (1) cent per pound of poultry, and one (1) cent per dozen of eggs delivered to the Association, from net returns of such poultry products so delivered to the Association.

When the note is paid, the Association agrees to issue to Fred Novotny a Loan Certificate for the amount paid. Such Certificate shall be payable as provided in the By-Laws of the Association and shall be subject to the prior claims of all common creditors of the Association.

> Iowa Poultry Producers Marketing Association
> By [signed] Arnold B. Corne.''

The principal contentions of the appellee are that the consideration for which the note sued on was given has wholly failed and that the appellant was not and is not the holder of said note in due course. It is the further claim that by reason of the statements incorporated in the note and receipt the liability of the appellee for the payment of the note in suit is restricted and limited so that the note is payable out of retentions made from the sale of products by the appellee to the marketing association.

Inasmuch as the appellant is the holder of the note sued on by assignment it seems advisable to set forth certain facts and evidence relative to the inception of the instruments heretofore set out. We shall also set forth the facts disclosed by the record

bearing upon the circumstances relative to the purchase of the appellee's note by the appellant.

The Iowa Poultry Producers Marketing Association was organized as a co-operative, with its principal place of business at Ottumwa. The plan for the development of capital contemplated the sale of poultry and poultry products by the members of this co-operative to the marketing association. It also provided for the giving of notes or cash by the members of the co-operative marketing association for an amount dependent upon the number of chickens owned by the member. It was also contemplated that every member would agree to market all his poultry and poultry products through this association. Solicitors were employed to contact the individual producers and to explain the plan and purposes to those interested and to obtain, if possible, the execution of the necessary documents by those who desired to become members. These documents were (1) the marketing agreement, which was also an application for membership in the association (2) a note to be executed by those who did not pay cash as contribution to the capital, which note, when paid, would entitle the giver or the contributor of cash to a loan certificate to be issued by the association, and (3.) a receipt, which has heretofore been set out, to be executed by the association, which stipulated that retains would be deducted for the purpose of being applied on the payment of the note.

As a part of the plan of financing the enterprise sought to be developed by the Iowa Poultry Producers Marketing Association, and to give it sufficient cash to acquire the buildings and equipment sought to be used, an application, dated June 23, 1936, was made to the Omaha Bank for Cooperatives, the appellant herein, for a loan of $300,000. It is shown by the record that in connection with this application a commitment was made by the Omaha Bank for Cooperatives to the Iowa Poultry Producers Marketing Association for $250,000. As security for this loan the marketing association gave a mortgage on the plant and equipment and a pledge of all the producers' notes which had not heretofore been pledged to a commercial bank. The Omaha Bank for Cooperatives is a bank authorized under Act of Congress, 12 U. S. C., section 1134, to make loans exclusively to farm

co-operatives, 12 U. S. C., sections 1141–1141e, and is itself a co-operative.

There is ample evidence in the record to show that the appellant had knowledge of the manner in which the Iowa Poultry Producers Marketing Association was organized, of the nature of its financial program, and of the general plan by which poultry producers were sought to be interested in giving notes similar to the one involved in this litigation. It would unnecessarily lengthen this opinion to comment on and set out the evidence relative to this phase of the case but we are satisfied that the record supports our conclusion. Under the undisputed record the appellant was not a holder in due course (if the note were to be found to be a negotiable instrument) and it is unnecessary for us to determine whether the note was in fact negotiable.

The next proposition that is presented by this appeal is whether the note sued on should be considered as a separate and distinct instrument from the receipt to which it was originally attached, separated only by a perforated line, and whether or not the note as so construed was an absolute and unconditional promise to pay.

In 7 Am. Jur. 850, section 113, we find the following general statement:

"Test. In answer to the question as to whether a given case contains a reference in such a way as to make the instrument subject to the terms of the extrinsic contract or as merely to indicate the origin of the transaction, each case must be determined on its particular facts; and the question in each case is, *Does the language of the particular instrument modify the promise to pay by subjecting it to the possibility of a condition contained in the instrument referred to?* The terms of the instrument referred to are immaterial. *The question is whether the terms of the reference are such as to lead to the inference that the instrument referred to contains a condition qualifying the absolute promise to pay or the amount or time of such payment.*" (Italics supplied.)

In connection with the question as to the consideration to be given to the receipt executed on behalf of the Iowa Poultry Producers Marketing Association and its effect, if any, upon the

note originally given, it is also well to consider an Iowa case that is applicable to this problem. It is stated in Hubbard v. Wallace Co., 201 Iowa 1143, 1147, 208 N. W. 730, 732, 45 A. L. R. 1065, as follows:

"It is the rule, well settled in this state, that instruments relating to the same transaction and contemporaneously executed will be construed together. Swearingen v. Lahner, 93 Iowa 147; Des Moines Sav. Bank v. Arthur, 163 Iowa 205; Lundean v. Hamilton, 184 Iowa 907. This is the rule in other jurisdictions. Frost v. Fisher, 13 Colo. App. 322 (58 Pac. 872)."

See, also, annotations in 33 A. L. R. 1174, 37 A. L. R. 655, 61 A. L. R. 815, 104 A. L. R. 1378, 8 L. R. A., N. S., 231.

After a study of the note sued on, the receipt, and the authorities we have referred to, as well as many others, we have reached the conclusion that the note was not an unconditional promise to pay, unaffected by the provisions of any statement in the note or in the originally attached receipt.

It should be kept in mind that in the note we find the following statement: "The amounts due me and retained by the Association prior to the maturity hereof are to be applied to the payment of this note." And in the receipt we find this significant statement: "The amount not paid in cash, is to be paid by deduction * * *."

The authorities previously referred to are ample basis for considering together these two instruments. Then, too, we must keep in mind that the note makes reference to the anticipated retention of certain payments due the maker and the application of these amounts to the payment of the note. This statement in the note necessarily gives rise to the conclusion that there is a further and additional agreement in existence relative to the matter of retention. When we refer to the receipt that was executed contemporaneously with the note we find ample reason for concluding that there cannot be recovery on the note sued on. There, as previously set out, it definitely states that the amount not paid in cash is to be paid by deductions. In the instant case there was no cash paid and consequently it must be concluded that the payments were then to be made only by deductions. Therefore, when we consider these two instruments

together we can reach no other conclusion than that there can be no recovery on the note.

Although we shall not discuss the question as to admissibility of certain evidence relating to the giving of the note, we are satisfied that the note and the receipt, when considered together, show that it was the intention of the parties that the note was to be paid by means of the contemplated deduction.

We have not discussed the question when this note matured and the effect of maturity upon the payment of retentions on the note. This proposition was not argued and consequently we shall not comment thereon.

Upon a full consideration of the proposition submitted we have concluded that the trial court reached a correct conclusion in granting a new trial. We therefore affirm.—Affirmed.

All JUSTICES concur.