Baldwin v. J. C. & E. B. Buchanan.

BALDWIN v. J. C. & E. B. BUCHANAN.

1. MORTGAGE: ATTACHMENT. Where in an action for a sum due and for the foreclosure of a mortgage executed to secure the same, the petition alleged that the property mortgaged was not sufficient security for the amount of the claim and prayed an attachment, for sufficient cause, upon which a writ was issued under which property was attached sufficient to secure the balance which was not secured by the mortgage, it was held, that the writ was properly issued and the District Court did not err in refusing to dissolve the attachment.

*Appeal from Pottawattamie District Court.*

### FRIDAY, JANUARY 6.

THE petition alleges that defendants are indebted to plaintiff in the sum of sixteen hundred and twenty-one dollars; that he holds their note upon which said amount is due and unpaid; and that one of them executed a mortgage to secure the same. It is further averred that the property mortgaged is not sufficient security for more than five hundred dollars of the sum claimed. For cause alleged an attachment was issued to attach property sufficient to secure the balance of the debt over said five hundred dollars.

The prayer is for a decree of foreclosure, for an attachment as to the amount not secured, and for judgment, &c.

Defendant interposed a motion to disolve the attachment upon the ground, that in a proceeding to forclose a mortgage, an attachment cannot be sued out, the party initiating the proceedings being confined strictly to his remedy of foreclosure. This motion was sustained, and from this ruling plaintiff appeals.

*Clinton & Baldwin* for the appellant.

*Robert L. Douglas* for the appellees.

WRIGHT, C. J.—This motion should have been overruled. An attachment may issue in a proceeding of an equitable character as well as in an action at law. It is but auxiliary to the principal cause, and is but the process given to a party, in most instances, to aid him in the security of his debt. In cases where no personal service is had, the levy of the attachment may be essential to confer jurisdiction, and then it serves a purpose other than to aid in securing the plaintiff's demand. But as a general rule the disposition of the attachment proceedings in no wise determines the standing of the parties in court, in the main action. And whether the *action* is brought at law or equity, by pursuing the course pointed out in the statute, the plaintiff is entitled to this aid, this auxiliary process.

In a proceeding to foreclose a mortgage the petition prays judgment for the debt and a foreclosure of the mortgagor's equity of redemption. The law provides for an order *cutting off* this equity and a general judgment for the debt, with directions for a general execution, after the disposition of the mortgaged premises. Now, if from a depreciation in value of the land given in security, if from a failure in title as to a part, or all, of the premises, or from any circumstances, the security given is insufficient, and the mortgagors or debtors are non-residents, or are "about to dispose of their property, without leaving &c.," we can see neither logical or legal inconsistency in permitting the mortgagee to resort to the process of attachment in aid of his "ordinary proceeding." This is a proceeding for the *recovery* of money most clearly, and the Code gives an attachment in all such actions. The language is, *"in an action for the recovery of money,* the plaintiff may cause any property to be attached, &c." This language is general and no good reason is perceived why it does not apply to one action to recover money as well as another.

In this case there is no division of the claim, no parceling out, as is insisted by appellees. The judgment in the main action must necessarily and properly be for one entire sum. It is not contemplated by the petition that a judgment will be entered for $500, an order made for the sale of the mortgaged premises to satisfy that amount, and then a further judgment for the $1121.

The order dissolving the attachment is reversed.