HENRY RENARD, Appellee, v. PETER HATTON et al., Appellants.

**MORTGAGES:** Foreclosure—Right to Foreclose—Nonpayment of Interest. A mortgagee has a clear option to declare the entire mortgage debt due and payable for the nonpayment of interest annually, when the mortgagor has distinctly agreed to so pay the interest, with a further agreement that a default on his part in complying with any of the conditions shall mature the entire debt, *even though the note provides that, if the interest be not so paid, it shall thereupon become a part of the principal, and draw interest at the same rate and on the same conditions as the original sum.*

*Appeal from Lee District Court.*—W. S. HAMILTON, Judge.

TUESDAY, OCTOBER 17, 1916.

THE promissory note was given for $5,900 as part of the purchase price of the land, covered by the mortgage executed by the maker to secure its payment, and is in words following:

"Five years after date I promise to pay to Henry Renard or order, Five Thousand Nine Hundred Dollars, at The State Central Savings Bank, Keokuk, Iowa, for value received, with interest at the rate of 5 per cent per annum after date until paid, payable annually; and if the interest be not so paid, it shall thereupon become a part of the principal, and draw interest at the same rate and on the same terms as the original sum above named, and in case of suit or any proceeding herein authorized by law we agree to pay all costs thereof, including attorney's fees."

The mortgage is so conditioned that payment of the note be made "according to the terms thereof," and stipulated that:

"At any interest paying time, the said Hatton may pay to said Renard such sum or sums of money on amount due as he may see fit, with interest at five per cent per annum from date, payable as specified in said note, and pay, before interest or penalty attaches, all taxes upon said premises,

and insure said premises against fire in some responsible fire insurance company, to be selected by grantee or his assign, for the sum of $600, loss, if any, payable to grantee, all of which we hereby agree to do, and in default thereof the same may be paid by said grantee or his assigns and become a part of the claim secured by this mortgage, and the amount so paid shall draw interest from the time of payment at the same rate as the note secured hereby. And in default of any of the stipulations, provisions or conditions of this mortgage or said note, then the whole amount secured hereby shall immediately become due and payable.''

The petition alleged that "the interest is due and unpaid, and demand has been made on said defendant, and he has refused and neglected to pay same, and plaintiff hereby elects to declare the whole of said note and mortgage due and payable, and does hereby declare all of same now due.''

To this petition defendant demurred, on the ground that it showed on its face that there had been no default in the payment of interest. The demurrer was overruled, and, as the defendant failed to plead over, decree was entered as prayed. The defendant appeals.—*Affirmed.*

*Archer C. Miller* and *W. J. Roberts,* for appellants.

*A. L. Parsons,* for appellee.

LADD, J.—A condition of the mortgage is that, "in default of any of the stipulations, provisions or conditions of this mortgage or said note, then the whole amount secured hereby shall immediately become due and payable.'' Another is that payment of the promissory note be made at maturity, "according to the terms thereof.'' If, then, the interest was not paid when promised in the note, the payee had the option to declare the amount of the note due and payable. We necessarily turn to the note, to ascertain whether there had been any default in the payment of interest. In it, the

MORTGAGES: foreclosure: right to foreclose: nonpayment of interest.

maker promises "to pay to Henry Renard . . . five thousand nine hundred dollars . . . for value received, with interest at the rate of 5 per cent per annum after date until paid, payable annually; and if the interest be not so paid, it shall thereupon become a part of the principal, and draw interest at the same rate and on the same terms as the original sum above named."

That the interest may become a part of the principal does not obviate the promise to pay it "annually." This is a condition of the note, and one on default of which the mortgage authorized the mortgagee to declare "the whole amount secured" by the mortgage due and payable. Failure to pay the interest "annually" was none the less a "default" because of what might subsequently become of the interest. Evidently, it is made by the note a part of the principal for the purpose of bearing interest, and becomes effective whether the entire note becomes due or not. Whatever the purpose, and even though the time between this happening and the maturing of interest be momentary, as suggested by appellant, the fact of there having been a default in the promise to pay it "annually" remains, and we see no obstacle in the way of the mortgagee's taking advantage of the broken condition at any time before payment. The case is readily distinguishable from *Wood v. Whisler*, 67 Iowa 676; for in that case, as said by the court, neither the notes nor the mortgage provided for the payment of interest annually. "They simply provide that, in case it is not so paid, it shall draw interest, thus leaving it optional with the defendant to pay interest." Here, there was a distinct promise to pay annually, an omission so to do, because of which the mortgagee was authorized by the terms of the mortgage to elect to declare the entire indebtedness due. He did so, and was entitled to the relief prayed. The ruling in overruling the demurrer has our approval, and is—*Affirmed.*

EVANS, C. J., GAYNOR and SALINGER, JJ., concur.