ALMOR STERN, Appellee, v. FRANK RAINIER et al., Appellants.

**MORTGAGES:** Foreclosure—Acceleration of Maturity. A provision in
1   a third mortgage to the effect that said mortgage shall become due
and payable in case a second mortgage becomes due and unpaid,
is not in the nature of a forfeiture, but is a valid provision for
the acceleration of the day of maturity; and a court of equity will
not grant relief against such a provision, in the absence of cir-
cumstances showing peculiar hardship, unconscionable advantage,
or oppression.

**MORTGAGES:** Foreclosure—Belated Tender. A tender of payment
2   after commencement of foreclosure proceedings is too late.

*Appeal from Harrison District Court.*—GEORGE W. CULLISON,
Judge.

APRIL 4, 1922.

ACTION to foreclose real estate mortgages. The trial court
granted the relief prayed for by plaintiff and entered a decree
of foreclosure. Defendants appeal.—*Affirmed.*

*Bolter & Murray,* for appellants.

*Robertson & Havens,* for appellee.

DE GRAFF, J.—The petition is in two counts. The first count
seeks to foreclose a $500 mortgage on the ground that the defend-
ants have failed and neglected to pay on due date the notes and
interest secured by said mortgage. The second count seeks to
foreclose a $20,000 mortgage given to secure the payment of

1. MORTGAGES: foreclosure: acceleration of maturity.

twelve promissory notes aggregating that amount on the ground of the failure of defendants to pay the amount due on the $500 prior mortgage according to the terms of which the said $20,000 mortgage became due and payable.

Three mortgages were outstanding against the real estate in question. The first mortgage was in the sum of $20,000 and payable to the Iowa Loan & Trust Company. With this mortgage this appeal is not concerned. The $500 mortgage was a commission mortgage given to the plaintiff in this cause. The third or $20,000 mortgage represented a part of the purchase price of the real estate.

It was stipulated and agreed in the $500 mortgage that "any failure to pay any portion of the money hereby secured, * * * then in any of said events, the entire sum of all of the notes hereby secured shall at once become due and payable, and suit may at once, at the option of the holders hereof without notice to us, be brought to foreclose this mortgage."

It is provided in the third or $20,000 mortgage, which is junior and inferior to the lien of the $500 mortgage, that "if the indebtedness secured by the prior mortgage on said premises hereinbefore referred to, shall, by any of the terms, conditions or stipulations in said mortgage hereinbefore referred to, become due and payable, then, in any of said events, the entire sum of all the notes hereby secured shall at once become due and payable, and suit may at once, at the option of the holders hereof, without notice to us, be brought to foreclose this mortgage."

It was also stipulated in the third or $20,000 mortgage that when the first mortgage loan in the sum of $20,000 became due that the legal holder of the third mortgage shall waive, and release, if necessary, in order to allow first party the right to renew or place a new loan on the land, but not to increase in any way the prior indebtedness. This event did not happen and consequently the right of renewal or waiver is not before us.

It does appear that the first note secured by the $500 mortgage was paid, but the second of the notes secured by said mortgage was not paid at maturity and the plaintiff shortly thereafter elected to declare the whole amount of this mortgage due.

He instituted his action to foreclose, and later and in the same suit amended his petition to foreclose the $20,000 or third mortgage under and by virtue of the provisions of said mortgages. This was plaintiff's right. It was so stipulated and the stipulation was legal. There is no conflict or ambiguity in the provisions of these mortgages and the agreements as contained in the second and third mortgages have no relation to the first mortgage except as herein indicated.

There is in fact but one ground of error assigned, to wit; that the trial court erred in striking from defendants' answer an amendment and cross-petition. Certain matters are therein alleged pertaining to their claim that the plaintiff's third or $20,000 mortgage was not due under the express stipulation, and that plaintiff had waived his right to declare the mortgage of $20,000 due on the grounds alleged. There is no merit in this contention. The stipulation was not in the nature of a forfeiture. The maturity of a mortgage may be accelerated and the intention of the parties in this respect is governed by the ordinary rules of contract law. *Swearingen v. Lahner*, 93 Iowa 147. Equity will not relieve a delinquent mortgagor in the absence of circumstances showing peculiar hardship, unconscionable advantage or oppression. *Blackman v. Carey*, 192 Iowa 548.

True a tender of the amount due under the $500 mortgage was made by the mortgagor after the foreclosure suit was commenced, but this came too late. It was plaintiff's privilege to refuse said tender. It is also shown that subsequently thereto the defendant Cottrell withdrew the amount evidencing the tender from the office of the clerk of the district court. The tender was nothing more than an admission of indebtedness in the sum tendered, and in the absence of mistake is binding upon the party making such tender.

2. MORTGAGES: foreclosure: belated tender.

It is not the business of courts to make contracts for parties. It is the function of a court to determine what contract has been made; that is, to construe it and decide whether the terms thereof are legal or illegal. This the trial court did. This we have done. Wherefore the judgment entered by the trial court is—*Affirmed*.

STEVENS, C. J., WEAVER and PRESTON, JJ., concur.