LLOYD B. COFFIN, Appellant, v. F. J. YOUNKER et al., Appellees.

**MORTGAGES:** Foreclosure—Acceleration Clause in Mortgage. The
1  due date of a mortgage indebtedness is accelerated under a clause in the mortgage so providing in case of default in payment of interest, the promissory note executed contemporaneously with the mortgage being silent on the subject.

**MORTGAGES:** Foreclosure—Exercise of Option. An "option" to
2  foreclose a mortgage under an accelerating clause is exercised by the act of instituting a suit to foreclose.

**MORTGAGES:** Foreclosure—Belated Performance of Condition. A
3  legally instituted foreclosure of a mortgage because of the nonpayment of interest is not defeated by a subsequent tender of the interest.

**MORTGAGES:** Foreclosure—Failure to Pay Taxes, Charges, Etc. A
4  clause in a third mortgage obligating the mortgagor to pay "all taxes, *charges,* and assessments which may become due on the property," and authorizing the mortgagee to make such payments in case the mortgagor defaults, and to hold the mortgage as security therefor, does not authorize the mortgagee to discharge the unpaid interest on *prior* mortgages and to include such payments in the foreclosure of said third mortgage.

**MORTGAGES:** Foreclosure—Decree As to Attached Property. In a
5  mortgage foreclosure aided by an ordinary attachment on property

*dehors* the mortgage, the mortgagee will not be entitled to a decree for the sale of the attached property in case the mortgaged property proves inadequate, when there is no showing whatever that the mortgaged property may prove insufficient to satisfy the foreclosure judgment.

*Appeal from Warren District Court.*—LORIN N. HAYS, Judge.

### NOVEMBER 13, 1923.

ACTION to foreclose a mortgage claimed to be due by reason of an accelerating clause therein. The court entered a decree denying the foreclosure of the entire mortgage, but decreeing a foreclosure for the installment of interest due. A receiver was appointed to take charge of the premises, and the court denied defendants' motion to discharge the receiver. Both parties appeal. The plaintiff, having perfected his appeal first, is referred to as appellant, and the defendants are designated as appellees.—*Reversed.*

*J. O. Watson* and *Tesdell & Mackaman,* for appellant. ·

*Hume & Bump* and *Sullivan & Sullivan,* for appellees.

FAVILLE, J.—The land in controversy in this action comprises 131 acres. Appellant purchased the premises in 1917 from one Robinson. He paid therefor $6,000 in cash, and executed to Robinson two mortgages on said premises, one for $12,000 and one for $8,000. In 1919, appellant sold the land in question to the appellees Younker and Barrick for $40,479. The same year, these vendees sold the property to one Coon, who, in turn, in 1919, sold the land to McGuire and wife. The last sale was for $47,422. The settlements of the various sales made during the year 1919 were all had on March 1, 1920. At that time, the original vendor, appellant Coffin, executed and delivered to his vendees, Younker and Barrick, a deed to the premises, and the said vendees executed and delivered to Coffin a note and a third mortgage on said premises for the sum of $10,765. This is the mortgage involved in this action. In the deed from appellant to Younker and Barrick, they assumed and agreed to pay the first and second mortgages then on the premises. Younker

and Barrick in turn conveyed the premises to Coon, and by the terms of their deed, the vendee assumed and agreed to pay all three of said mortgages. On the same date, Coon conveyed the premises to the McGuires, who likewise assumed and agreed to pay all of the mortgages. In December, 1921, the McGuires conveyed the premises to one Bons, who also assumed and agreed to pay all of the mortgages on the premises. McGuire, by the last transaction, was to have the right to occupy the premises during the year 1922.

On March 1, 1922, the interest for one year fell due on all of the mortgages. None of it was paid at that time. The appellant notified Younker that the interest on the mortgage held by him (the third mortgage) had not been paid. Sometime after March 1st, appellant paid the installment of interest then due on the first and second mortgages on the premises, amounting to about $1,000. On March 22, 1922, the appellant placed in the hands of the sheriff an original notice of suit for foreclosure of the entire amount due on the third mortgage. Service was had on Younker on said date, and on the appellees Coon and McGuire during said month. On March 30th, the appellee Younker served a written tender on the appellant of the amount of interest due on the said third mortgage. The appellant, in writing, refused to accept said tender, stating as a reason therefor that foreclosure proceedings had already been begun on the note secured by said mortgage, and that, according to the terms of the mortgage, the entire principal and interest had accrued. The petition was filed March 31, 1922, and appellant seeks foreclosure of said mortgage for the entire amount secured thereby. The note by its terms is due and payable March 1, 1925, and contains no provision respecting any acceleration of the due date. The mortgage securing said note contains the following provision:

"Should said first party at any time fail to pay any part of the principal or interest aforesaid when due, or fail to perform all and singular the covenants and agreements herein mentioned, the whole sum of money hereby secured shall become due and collectible at once, at the option of the second party, and this mortgage may thereupon be foreclosed for the whole of said money, interest and costs, without further notice."

I.    The first question for our determination is whether or not, upon this state of facts, the due date was accelerated, and whether or not the appellant was entitled to a foreclosure of the mortgage for the full amount of the note.

When a note contains no provision whatever for acceleration of the debt upon failure to pay an installment of interest, and such a provision is in a mortgage given at the same time to secure the note, does the entire debt accelerate upon default in an interest payment?

In this case, the note itself is silent on the subject of acceleration.    The mortgage was executed and delivered contemporaneously with the note.    It was given to secure the indebtedness represented by the note, and contained the provision that, upon default in the payment of an installment of interest, at the option of the mortgagee the entire indebtedness should become due and payable at once.    Such a provision in a mortgage is legal and valid, and, under such circumstances, if nothing more is involved, it is the general rule that the note and mortgage, not being repugnant in this respect, are to be construed together, and that the provision in the mortgage accelerating the debt will be enforced.    *Renard v. Hatton,* 178 Iowa 45; *Fox v. Gray,* 105 Iowa 433; *Buffalo Center Land & Inv. Co. v. Swigart,* 176 Iowa 422; *Dobbins v. Parker,* 46 Iowa 357; *Clayton v. Whitaker,* 68 Iowa 412; *Stern v. Rainier,* 193 Iowa 665.

1. MORTGAGES: foreclosure: acceleration clause in mortgage.

This rule is wholly consistent with the general holding that, where there is a *conflict* between the terms of the note and the mortgage, the provisions of the note will control, upon the theory that the note is the primary obligation.    *Mowbray v. Simons,* 183 Iowa 1389.

But where the note and mortgage are executed contemporaneously, and there is no conflict between the terms of the two instruments, and the note is silent as to an acceleration of the debt on failure to pay an installment of interest, and the mortgage contains such a provision for acceleration, the two instruments being construed together, the debt may be accelerated, upon the failure to pay an installment of interest.    Meeting this situation in the instant case, the terms of the mortgage would permit acceleration of the debt.

II.   It is to be noticed that, under the terms and provisions of the mortgage in question, an "option" is given to the mortgagee to foreclose the mortgage for the entire debt, upon a default in the payment of an installment of interest.   How must such option be exercised?

2. MORTGAGES: foreclosure: exercise of option.

In *Swearingen v. Lahner*, 93 Iowa 147, we held that no previous notice of an election to declare the principal and interest due because of a breach of this kind in the provisions of a mortgage, or any demand for payment, was essential prior to the commencement of an action for the entire indebtedness.   An "option" is given by the terms of the mortgage to the mortgagee.   The exercise of this option to declare the entire indebtedness due in such a case is not the mere mental act of the mortgagee, but it is clearly manifested when the mortgagee commences an action for the foreclosure of the mortgage.   Beyond any question, the commencement of such a suit is the exercise of the option given under the terms of the mortgage.   *Moore v. Crandall*, 146 Iowa 25; *Buffalo Center Land & Inv. Co. v. Swigart*, supra.

Therefore, the commencement of the action in this case by the service of the original notice was a sufficient exercise of the option on the part of the mortgagee.

III.   It is contended that the appellant's right to foreclose the mortgage was defeated by reason of a tender of the installment of interest due to the mortgagee.   This would be true if the tender were sufficient and timely.   The difficulty with this contention, however, is that the appellees did not make their tender to the appellant until after this action had been commenced.

3. MORTGAGES: foreclosure: belated performance of condition.

The original notice was in the hands of the officer and had been served on Younker and wife on March 22d, on Coon on March 28th, and had been placed in the hands of the sheriff for service on McGuire on March 29th, and was in fact served on March 30th, the same day on which the tender was made.

In *Stern v. Rainier*, supra, we said:

"True, a tender of the amount due under the $500 mortgage was made by the mortgagor after the foreclosure suit was commenced, but this came too late.   It was plaintiff's privilege to refuse said tender."

In 2 Jones on Mortgages, Section 1182, it is said:

"It is only necessary that the mortgagee show an unmistakable intention to exercise the option, and this may be done by taking steps for foreclosure, filing foreclosure suit, sale pursuant to the mortgage, or advertisement of the property for sale pursuant to the terms of the mortgage. But there must be some outward act beyond a mere mental determination or a direction to his own agents that he has manifested an election."

The relation of the parties in this action is contractual. Equity does not interfere to prevent the enforcement of the express terms of a legal contract, even though, by virtue of circumstances, such enforcement may work a hardship upon one of the contracting parties. Notice and demand were not necessary, prior to the commencement of the foreclosure suit.

No claim for reformation of the written instrument is made. We are compelled to leave the parties where their written contract has placed them. See *Thompson v. Hirt*, 195 Iowa 582.

The commencement of the foreclosure suit before tender of the amount of interest due was a sufficient exercise of the option given the mortgagee by the written instrument to accelerate the due date of the debt. The subsequent tender was unavailing.

*Johnson v. Northern Land & Inv. Co.*, 168 Iowa 340, *Blackman v. Carey*, 192 Iowa 548, and *Beason v. Johnston*, 194 Iowa 1100, are clearly distinguishable from the instant case, and not at variance with our conclusion herein.

Unfortunate as it may be for appellees, we cannot escape the conclusion that, under the facts disclosed, appellant was entitled to stand upon his legal rights and to demand a decree of foreclosure of his mortgage for the entire debt secured thereby.

IV. Was appellant entitled to include in the foreclosure suit the amount he had paid as interest on the two prior mortgages?

Appellant contends that his right to include the same is found in the terms of his mortgage. The mortgage provides that the mortgagor "shall pay all taxes, charges and assessments now due, or which may become due," on said premises before the same become delinquent, and also provides that, if the

4. MORTGAGES: foreclosure: failure to pay taxes, charges, etc.

mortgagor neglects to pay said taxes, charges, or assessments, the mortgagee may do so, and may recover of the mortgagor the amount so paid, and that the mortgage shall stand as security therefor. It is appellant's contention that the word "charges," as used in these provisions of the mortgage, is broad enough to include the installment of interest paid by the mortgagee on said prior mortgages.

It may be that this word has a broad and comprehensive meaning. 2 Words & Phrases 1064 to 1069. But we must construe it in accordance with the evident intention of the parties, as it was used in the particular written instrument in question. We do not think it was within the contemplation of the parties that the word "charges," as so used, should include installments of interest that might be paid by the mortgagee on outstanding prior mortgages. What right of subrogation, if any, the appellant may have under said mortgages is not a question with which we are concerned in this action; but we do hold that the said installments of interest so paid by the appellant on the said prior mortgages cannot be included in the amount due under the mortgage in the instant case, nor can said mortgage be foreclosed for said amounts. The court did not err at this point.

V. The appellant filed an amendment to his petition, in which he alleged that the appellee Barrick is a nonresident of the state of Iowa, and prayed that a writ of attachment issue against the property of said Barrick; and a writ of attachment was so issued and levy made upon certain real estate alleged to belong to Barrick, situated in Warren County, Iowa.

5. MORTGAGES: foreclosure: decree as to attached property.

It is the contention of the appellant that the decree should have included an order for the sale of this attached property, on condition that there was any deficiency after the mortgaged premises had been exhausted. In this state, it is true that a writ of attachment may issue in connection with foreclosure proceedings in equity, as well as in actions at law. *Baldwin v. Buchanan*, 10 Iowa 277. We do not think that in this case, however, the appellant was entitled to the relief now demanded. The mortgaged property was the primary security for the payment of the mortgage debt. There was no allegation in the said

amendment to the effect that the mortgage security was in any way inadequate to satisfy the mortgage debt, nor was such showing made upon the trial. True, the prayer of the petition was for general equitable relief, but we do not think that the record, as a whole, was sufficient to justify the court in providing by the decree that special execution should issue for the sale of the attached premises belonging to appellee Barrick. Appellant was not entitled to demand it, as a matter of legal right, and there was no sufficient allegation nor proof to invoke the jurisdiction of a court of equity to grant such relief, upon the record in this case. There was no error here.

VI. The appellees appeal from the order of the court denying the motion of appellee Younker to discharge the receiver appointed to take charge of the property.

The receiver was appointed on April 17, 1922, after a full hearing upon the application and resistance thereto. No appeal was taken from the order of appointment. On December 27, 1922, appellee Younker filed a motion to discharge the receiver. This motion was overruled. The record in regard to said matter is very meager, and we find nothing therein that would warrant our interference with the order of the court in refusing to discharge the receiver.

VII. Appellees argue that the court erred in taxing attorney fees in the foreclosure proceeding. The question is not raised in any other manner by appellees' appeal, and we cannot consider it, under the record, and therefore make no pronouncement in regard thereto.

For the reasons pointed out in Division III of this opinion, the decree of the district court must be, and the same is, reversed. The appellant may have decree in this court or in the district court, as he may elect.—*Reversed.*

PRESTON, C. J., EVANS and ARTHUR, JJ., concur.