CLAYTON v. WHITAKER ET AL.

1. **Promissory Note**: CONSIDERATION: SUPPORT OF CHILD TEMPORARILY ADOPTED. Defendants adopted the infant daughter of plaintiff, who had lost his wife, and could not well care for the child. Not long afterwards plaintiff desired to have the child again, and it was agreed that he might adopt her as his own. This was not done, however, at the time, and the child remained with the defendants for about seven years, when plaintiff readopted and took her. At the same time he executed to defendants the note and mortgage in question for the amount agreed upon as compensation for boarding and caring for the child. Plaintiff now seeks to set aside the note and mortgage as being without consideration, because given to defendants for the support of their own child. *Held* that, in consideration of the continuing understanding that the child was to be returned, plaintiff's position cannot be sustained.

2. ———: DUE BY NON-PAYMENT OF INTEREST. The note in suit *held* to have become due when suit was brought, on account of the non-payment of the interest, under a provision in the mortgage that "if the interest remains unpaid for six months after due, the whole amount shall become due and payable at once.".

*Appeal from Des Moines District Court.*

FRIDAY, MARCH 19.

ACTION to cancel a note and mortgage on the alleged ground that the same were given without consideration. T. C. Scholes intervened as the indorsee of the note, and asked for judgment thereon, and foreclosure of the mortgage. Judgment and decree were rendered in favor of Scholes, as prayed by him. The plaintiff appeals.

*T. J. Trulock,* for appellant.

*T. C. Whiteley,* for appellees.

ADAMS, CH. J.—The note and mortgage were given to the defendant, Susan Whitaker, and were by her sold and trans-

1. PROMIS-SORY note: considera-tion: support of child tem-porarily adopted.

ferred, by indorsement of the note before maturity, to the intervenor, Scholes. He insists that the note is negotiable, and that he is an innocent purchaser for value, and must be protected, even though it were true, as alleged, that the note was without consideration. The question as to whether the note is negotiable or not is not free from difficulty; but we have not found it necessary to determine it, because we think that the note is not without consideration. The circumstances under which it was given were substantially as follows: In 1875 the plaintiff lost his wife by death. He had a daughter, Ada Clayton, a little less than five years old, for whom, as he thought, he was not able to furnish a suitable home. The defendants Susan Whitaker and her husband, James Whitaker, offered to adopt her, and the plaintiff accepted the offer. Articles of adoption between him and the Whitakers were entered into, which were dated December 2, 1875, and the Whitakers took the child home, and assumed the custody of it as their own. Soon afterwards the plaintiff began to feel the loss of the child, and began to look forward to hav-

ing a home again in which the child could be cared for according to its needs. He accordingly applied to the Whitakers to allow him to adopt the child from them. They, it seems, were not unwilling that he should. Mr. Whitaker had gone to Europe, and Mrs. Whitaker had formed the plan of following him the next spring. It was accordingly agreed that the plaintiff should adopt the child, and reassume in law the relation which all the while existed by nature. From this time it seems that the Whitakers no longer looked upon the child as theirs. The plaintiff, however, did not immediately adopt her. His plans, as we infer from the evidence, miscarried in regard to the re-establishment of his home. He asked the Whitakers, therefore, to keep the child for him until his home was in a condition to receive her, and he agreed in the meantime to compensate them for so doing. The plaintiff delayed in the matter about seven years; the agreement, in the mean time, that he should eventually be allowed to adopt the child, being kept good. In March, 1883, articles of adoption according to the long-subsisting agreement were drawn and signed. The plaintiff, however, was not conveniently able to pay for the keeping of the child as he had agreed; but the amount due under the agreement was ascertained, and the plaintiff gave his note and mortgage for the same, which are the note and mortgage in question.

The plaintiff insists that the note is without consideration, because it was given to Mrs. Whitaker for boarding her own child; but, in our opinion, his position cannot be sustained. While it is true that Mrs. Whitaker's legal relation as mother to the child continued until the articles of adoption retransferring the child were drawn and signed, which was after the board in question was furnished, it is also true that in some respects, and in material respects, the relation had become changed. After the agreement was made, neither the Whitakers nor the child could look upon the union as permanent. The child was liable to be returned to its natural father at any time. There was no basis in such a relation for the cul-

tivation and growth of a parental or filial attachment. So far as the Whitakers' affectional relations were concerned, the child was a boarder, and only that. It was with the Whitakers during its unserviceable years, and essentially as a boarder. It seems to us that the plaintiff, in trying to repudiate his note, is trying to avail himself of a technicality, to enable him to perpetrate a moral wrong. We think that under the circumstances shown the note was not without consideration.

But it is insisted that, even if this is so, the court erred in rendering judgment for the amount of the note, because it is said the note had not become due. The note, it appears, was made payable in six years from date, and that time had not expired. It may be conceded, therefore, that the note, according to its terms, had not become due. But the plaintiff stipulated in the mortgage that, "if the interest remains unpaid for six months after due, the whole amount shall become due and payable at once." This stipulation is not inconsistent with the terms of the note, and must be read in connection with it. It seems to be conceded that interest remained unpaid six months after the same became due. It follows that, in our opinion, the principal had become due, and that the court did not err in so holding.

The plaintiff prayed that the articles of adoption by which the child was retransferred to him should be set aside and canceled. But we see nothing in the case which we think would justify such a decree.

AFFIRMED