[Civ. No. 1721. First Appellate District.—January 28, 1916.]

## LUIS RIVERA, Appellant, v. JOSEPH CAPPA, Respondent.

PROMISSORY NOTE—WANT OF CONSIDERATION—PLEADING.—The defense of want of consideration for the execution of a promissory note or other instrument is new matter, which must be specially pleaded; but where the answer says in so many words that the note sued on was executed without any consideration whatever, it states a good defense.

ID.—DURESS—WANT OF CONSIDERATION—SUFFICIENCY OF PLEADING.—
A general allegation of want of consideration in the answer, taken
in connection with an averment that the note was executed and
delivered to the payee as a result of duress, sufficiently pleads
a defense, in the absence of a special demurrer.

ID.—APPEAL—WAIVER OF OBJECTION.—In such a case, even if an allega-
tion of want of consideration be considered as a conclusion of law,
the objection made after the trial of the case upon the merits will
not be considered upon an appeal supported only by a record which
does not show that such an objection was interposed by demurrer
or otherwise in the court below.

APPEAL from a judgment of the Superior Court of Santa
Clara County. J. R. Welch, Judge.

The facts are stated in the opinion of the court.

Devoto, Richardson & Devoto, for Appellant.

E. M. Rea, for Respondent.

THE COURT.—This is an appeal upon the judgment-roll
alone from a judgment rendered in favor of the defendant
in an action upon a promissory note.

The defendant admitted the execution of the note, but
pleaded in his answer that ''there was no consideration of
any kind or nature therefor, . . .'' and that at the time of
signing said note the defendant was ''laboring under great
mental excitement, and that the payee therein threatened to
blackmail the defendant if he did not sign the same, and that
he signed the same through fear of blackmail and by reason
of said fear and not otherwise.''

The case was tried and determined upon the issues pur-
porting to have been raised by the pleadings of the respective
parties, and upon the issues thus raised the trial court found
as a fact that the payee of the note ''did not at the time of
the signing of said note or at any other time part with any-
thing of value for the execution thereof, and that the said
note or contract is and was without consideration of any kind
or nature.''

The defense of want of consideration for the execution of
a promissory note or other written instrument is new matter,
which must be specially pleaded, and it seems to be the rule
in this state that a general averment that the note or contract

29 Cal. App.—32

sued on was executed without any consideration whatever is but an allegation of a conclusion of law. (*Happe* v. *Stout,* 2 Cal. 460; *Gushee* v. *Leavitt,* 5 Cal. 160, [63 Am. Dec. 116]; *Winters* v. *Rush,* 34 Cal. 136. See, also, 9 Cyc. 738.) But however that may be, it will be noted that the answer of the defendant in the present case averred, in addition to the general allegation of want of consideration, that the note in suit was executed and delivered to the payee as the result of duress. That was an allegation of fact which, when considered in connection with the general averment of want of consideration, and in the absence of a special demurrer, sufficiently pleaded the defense relied upon. (*Shain* v. *Belvin,* 79 Cal. 262, [21 Pac. 747].) But even if it be conceded that the defendant's answer rested the defense of want of consideration upon the allegation of a conclusion of law, nevertheless the objection made after trial of the case upon the merits will not be considered upon an appeal supported only by a record which does not show that such objection was interposed by demurrer or otherwise in the court below. (*King* v. *Davis,* 34 Cal. 101, 106; *Illinois etc. Bank* v. *Pacific Ry. Co.,* 115 Cal. 285, [47 Pac. 60]; *Murdock* v. *Clarke,* 90 Cal. 427, [27 Pac. 275]; *Sukeforth* v. *Lord,* 87 Cal. 399, [25 Pac. 497].) In the absence of a record showing the evidence introduced upon the trial, the presumption prevails that there was sufficient evidence to support the finding of the trial court upon the issue of want of consideration; that finding in turn supports the judgment, and therefore the failure of the court to find upon other issues purporting to have been raised by the answer is of no consequence, and need not be considered here.

The judgment appealed from is affirmed.

A petition for a rehearing of this cause was denied by the district court of appeal on February 25, 1916, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 27, 1916, and the following opinion then rendered thereon by the supreme court.

SHAW, J.—The petition for a rehearing is denied.

The opinion of the district court of appeal states that "it seems to be the rule in this state that a general averment that

the note or contract sued on was executed without any consideration whatever,'' does not state a good defense, because an averment in that form states a mere conclusion of law.

The only one of the cases cited upon this proposition which appears to support it is *Gushee* v. *Leavitt,* 5 Cal. 160, [63 Am. Dec. 116]. The court in that case was unfortunate in its mode of expression. · In view of the well-established rule that an answer which avers, in so many words, that the note sued on was executed without any consideration whatever, states a good defense (9 Cyc. 738), it is hardly to be supposed that the court there intended to decide the contrary. The context shows, however, that what the court really intended to declare was the equally well-established rule that general allegations that the note was obtained by fraud are not sufficient, but that the facts constituting the fraud must be set forth.

Sloss, J., Lawlor, J., Melvin, J., and Angellotti, C. J., concurred.