JOHN BIEDKA, Plaintiff, *v.* ALEX ASHKENAS and Others, Defendants.

Supreme Court, Kings Special Term, December, 1922.

**Mortgages — bond and mortgage considered as parts of the same transaction — terms of one may modify other — foreclosure.**

Where a mortgage is given to secure the payment of a note or bond the two instruments being made at the same time are to be read and considered as parts of the same transaction, hence the terms of the one may explain or modify the other.

Where a mortgage contains a clause that immediately upon default in the payment of any installment of principal or interest for thirty days after notice and demand, the whole of the principal sum shall become due, and the accompanying bond contains no such clause, there is no inconsistency between the two instruments.

Upon default in the payment of any installment recited in the bond the entire balance of the principal becomes due and plaintiff's motion for judgment in an action to foreclose the mortgage will be granted.

MOTION for judgment on the pleadings.

*Emanuel Greenberg,* for plaintiff.

*Samuel N. Freedman,* for defendant Minnie Ashkenas.

LEWIS, J.   The answering defendant, Minnie Ashkenas, executed her bond secured by a mortgage on real estate. The mortgage provides that the whole of the principal sum shall become due immediately upon default in the payment of any installment of

principal or of interest for thirty days after notice and demand. The bond accompanying the mortgage contains no such clause. There was default in the payment of $120 recited in the bond. Plaintiff maintains that the entire balance is due, and defendant alleges that the installment alone is payable.

It has been held that where a mortgage is given to secure the payment of a note or bond, the two instruments being made at the same time, are to be read and considered together as parts of the same transaction and hence the terms of the one may explain or modify the other. 27 Cyc. 1135; *Evans* v. *Baker*, 5 Kans. App. 68; *Clayton* v. *Whitaker*, 68 Iowa, 412.

In *Rothschild* v. *Rio Grande W. Ry. Co.*, 84 Hun, 103, 109, the court said: " We concede that the bonds and trust deed are to be construed together, as forming the contract, in case they can be harmonized, but, in case the bonds and deed contain wholly inconsistent provisions, those contained in the bond must prevail over those contained in the deed."

There is no inconsistency between the clause in the mortgage and the provisions of the bond. The entire balance of the principal, therefore, became due on default in the payment of the installment.

Motion for judgment on the pleadings is granted.

Ordered accordingly.