[S. F. No. 10036. In Bank—April 23, 1923.]

CHESTER A. GARFIELD, etc., Appellant, v. OSCAR
      FORD et al., Respondents.

[1] GUARANTY — SALE OF MACHINERY—LIABILITY OF GUARANTORS—
      CONSTRUCTION.—In an action to recover the purchase price of a
      quantity of machinery which plaintiff agreed, in the name of a
      certain concern, to sell and deliver to the defendant purchaser
      on terms and which was delivered, where it was shown that on
      the day before this agreement was made, but in contemplation
      of its being entered into, the other defendants executed the
      guaranty sued upon which recited that, whereas plaintiff has
      agreed to sell to the defendant purchaser certain machinery and
      equipment, in consideration of the premises and of the sale and
      delivery of such machinery and equipment by plaintiff to said
      purchaser, said other defendants agree to and do guarantee the
      payment of the full purchase price thereof, and where the fact
      was established that the machinery agreed to be sold by plaintiff
      was the property of said concern and that plaintiff was merely
      its agent, plaintiff cannot recover on the contract of guaranty be-
      cause it does not disclose the fact that he was selling only as
      agent and that the property sold belonged to his principal.

[2] ID.—LIABILITY OF GUARANTORS—EXTENT OF.—The obligation of
      guarantors must be neither larger in amount nor in other respects
      more burdensome than that of the principal; they cannot be held
      liable upon any contract that is not within the terms of their
      guaranty.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco. George E. Crothers,
Judge. Affirmed.

The facts are stated in the opinion of the court.

Dozier & Dozier for Appellant.

Sloss, Ackerman & Bradley for Respondents.

WASTE, J.—The plaintiff brought this action to recover
the purchase price of a quantity of machinery alleged to have
been sold by him to defendant Ford, it being alleged that

2. Contract of guaranty, note, 105 **Am. St. Rep.** 502.

defendants Castleman and Smith were guarantors of the amount due. The sole defense was that plaintiff did not sell the property. Judgment was entered that the plaintiff recover the value of the machinery from the defendant Ford, but take nothing against defendants Castleman and Smith. Plaintiff appeals from that portion of the judgment which denies him relief against the guarantors.

The facts are clearly established, and appellant admits that "it cannot be contended that there is no conflict of evidence." The case is presented by the findings, which are comparatively simple and involve but one question. Appellant entered into an agreement with the defendant Ford, in the name of his principal, the Ransome Concrete Machinery Company of New Jersey, to sell and deliver to Ford certain concrete mixing machinery and appurtenances, for the sum of $1,627.50, payable in installments, title not to pass until full payment was made, but delivery to be made at once. The day before this contract was made, but obviously in contemplation of its being entered into, the respondents Castleman and Smith executed the guaranty contract sued on. That instrument recites that, whereas appellant has agreed to sell to Oscar Ford certain machinery and equipment, in consideration of the premises and of the sale and delivery of such machinery and equipment by appellant to Ford, Castleman and Smith agree to and do guarantee the payment of the full purchase price thereof. The machinery was delivered, pursuant to the contract, but Ford did not pay for it, and this action was brought.

The evidence establishes, and the trial court in effect found, that the machinery agreed to be sold by appellant to Ford was the property of the Ransome Concrete Machinery Company of New Jersey, and that the plaintiff was merely the agent for that concern. While the trial court found that appellant retained an interest in the machinery and in the purchase price, the extent of that interest is not disclosed, and we may assume it was merely to the extent of appellant's commission on making the sale.

Although the fact was not pleaded, it appears that prior to the commencement of the action the Ransome Concrete Machinery Company sold and assigned to the plaintiff whatever right, title, and interest it might have in the ma-

chinery and equipment, and all claims and demands against the respondents. Defendant Ford has not appealed from the judgment entered against him. **[1]** The theory of the defendants Castleman and Smith in the court below, and now, is that appellant cannot recover on the contract of guaranty because it does not disclose the fact that he was selling only as agent and that the property sold belonged to his principal. This contention must be upheld.

This is not a case of construing a doubtful or inartificially drawn instrument, in which recourse may be had to the facts and circumstances accompanying the transaction, in order to arrive at the intention of the parties, as was the situation in *First Nat. Bank* v. *Bowers,* 141 Cal. 253 [74 Pac. 856], cited by appellant; but one in which it is asserted that no liability was incurred by the guarantors to a party other than the one to whom the guaranty was plainly executed. **[2]** The obligation of guarantors must be neither larger in amount nor in other respects more burdensome than that of the principal. (Civ. Code, sec. 2809.) They cannot be held liable upon any contract that is not within the terms of their guaranty. (*Glassell* v. *Coleman,* 94 Cal. 260, 266 [29 Pac. 508]; *Graham* v. *F. & M. Bank,* 116 Cal. 463, 466 [48 Pac. 384]; *Jack* v. *Sinsheimer,* 125 Cal. 563, 568 [58 Pac. 130].) "The strictness with which parties assuming to act upon the faith of a guaranty have been held to its precise terms is illustrated in *Barns* v. *Barrow* (61 N. Y. 39 [19 Am. Rep. 247]), where it was decided that a guaranty running to a member of a firm for goods to be sold by him, did not inure to the benefit of the firm of which he was a member, although they delivered the goods described in the guaranty." (*Evansville Nat. Bank* v. *Kaufmann,* 93 N. Y. 273, 287 [45 Am. Rep. 204].) A new party could no more be imported into the contract and imposed upon the guarantors without their consent than a change could be made in like manner in the other pre-existing stipulations. The respondents might have been willing to contract with appellant, but not with the Ransome Concrete Machinery Company of New Jersey. They had the right to know and to decide for themselves. Without their assent—and it is not claimed that any knowledge or acquiescence existed—a thing was wanting which was indispensable to the continuity of the contract.

(*National Bank* v. *Hall*, 101 U. S. 43, 51 [25 L. Ed. 822, see, also, Rose's U. S. Notes].)

The judgment is affirmed.

Wilbur, C. J., Lennon, J., Lawlor, J., Myers, J., Seawell, J., and Kerrigan, J., concurred.