[Civ. No. 5370.    First Appellate District, Division One.—April 8, 1927.]

## BANK OF ITALY (a Corporation), Appellant, v. H. E. WETZEL et al., Respondents.

[1] PROMISSORY NOTES — PLEADING — CONFESSION AND AVOIDANCE — GUARANTY—PAROL EVIDENCE.—In this action on a promissory note which was not set forth in any of the pleadings, where the answer of defendants admitted the due execution of the instrument and by way of confession and avoidance alleged as an affirmative defense that the makers were mere guarantors and were exonerated by the acts of plaintiff, the latter's motion for judgment on the pleadings, on the ground that such defense was an attempt to plead matters which could not be proved without a violation of the so-called parol evidence rule, was properly denied.

[2] ID.—INDEMNITY FROM PRINCIPAL DEBTOR—SUBROGATION—ANTICIPATION OF DEFENSE.—In such action defendants were only required

to plead facts raising the question of exoneration, and they were not required to anticipate a claim, predicated upon section 2819 of the Civil Code, that they were indemnified by the principal debtor and that the exoneration was inoperative to the extent of that indemnity.

[3] ID.—WANT OF CONSIDERATION—PLEADING.—In such an action, an answer stating in so many words that the note sued on was executed without any consideration whatever, is not a mere conclusion of the pleader, but states a good defense.

[4] ID.—PRIMARY OBLIGATION—CONCURRENT GUARANTY—CONSIDERATION. Where a guaranty is entered into at the same time with the original obligation, or with the acceptance of the latter by the guarantee and forms with that obligation a part of the consideration to him, no other consideration need exist, but in all other cases there must be a consideration distinct from that of the original obligation.

[5] ID.—SUBSEQUENT GUARANTY—WANT OF CONSIDERATION—EVIDENCE —FINDINGS.—In this action on a promissory note, where the evidence showed that the note in suit was given as a guaranty two years after the execution by third parties of certain promissory notes constituting the primary obligation, said guaranty required a consideration distinct from that moving to the primary debtors; and the trial court found, from sufficient evidence, that no such consideration existed.

[6] ID.—GUARANTY OF SEVERAL OBLIGATIONS—PART PAYMENT—RECOGNITION OF CONSIDERATION—IMPLIED PROMISE.—Where said promissory note was given as a guaranty of three certain promissory notes, the fact that defendants paid the amounts represented by two of said notes did not operate as a conclusive recognition of consideration, and such payment did not give rise to an implied promise to pay the amount represented by the third note.

---

(1) 22 C. J., p. 1231, n. 91.   (2) 28 C. J., p. 1021, n. 38.   (3) 8 C. J., p. 916, n. 9; 28 C. J., p. 1031, n. 75.   (4) 28 C. J., p. 917, n. 49.   (5) 28 C. J., p. 919, n. 61.   (6) 28 C. J., p. 927, n. 55.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. L. T. Price, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Louis Ferrari and J. J. Posner for Appellant.

---

3.  See 19 Cal. Jur. 987.
4.  See 13 Cal. Jur. 100; 12 R. C. L. 1077.
5.  See 5 Cal. Jur. 101.

Crosby, Naus & Crosby, Daniel Rygel and George Naus for Respondents.

TYLER, P. J.—Action on a promissory note given for the sum of $5,600. The case was tried without a jury. The findings in effect determined that the defenses interposed were true and judgment followed in favor of defendants.

At the opening of the trial plaintiff moved for judgment on the pleadings. The motion was denied. Appellant here claims, first, that the lower court erred in its denial of the motion for the reason that all the allegations of plaintiff's complaint were admitted and the affirmative defenses relied upon in the answer were legally insufficient to base any judgment in favor of defendants. Appellant's next and main contention is that the evidence is insufficient to support the findings. We will discuss the objections in the order stated. The complaint alleges, in substance, that defendants executed and delivered their promissory note for the sum of $5,600, with interest at the rate of seven per cent per annum. The note itself is not set forth in the pleadings. It then recites that no part of said note has been paid except the sum of $3,950.01, and that there is now due, owing, and unpaid, with interest, the sum of $1,812.30, for which sum judgment is prayed. The answer is by way of confession and avoidance. The due execution of the instrument is admitted, but under two affirmative defenses it is prayed that plaintiff take nothing by its action. Under the first defense the claim is made that the makers were mere guarantors and were exonerated by the acts of the plaintiff. Under the second, it is asserted that the instrument sued on was without any consideration whatsoever. The allegations of the answer in support of the first affirmative defense set forth in substance that the note was given to guarantee the payment of three other separate promissory notes made by certain principal debtors named Bidart, Wittman, and Castro, and executed by said persons to plaintiff. That the Bidart and Wittman notes were paid by defendants, and demand was made by them in August, 1922, for the surrender of the Castro note, together with an offer by them to pay the same in full, but plaintiff informed defend-

ants that the note was lost; that in truth and in fact it was not lost, but had been extended by the execution of a new note, which prolonged the time of payment thereof for a period of two years contrary to the consent of defendants and without their knowledge. It is then alleged that at the time the new note was executed and received by plaintiff, the original note was due and payable and could have been collected. Further allegations are to the effect that the new note was not due and payable at the time of the commencement of this action; that recourse against defendants was not reserved by plaintiff, and that no attempt had been made by it to collect the indebtedness from Castro. The second affirmative defense merely recited that the note sued upon was given without any consideration whatsoever. [1] It was the contention of plaintiff in support of its motion for judgment on the pleadings that the first plea of defendants was an attempt to plead matters which could not be proved without a violation of the so-called parol evidence rule and that under the second affirmative defense the form of denial constituted nothing more than the conclusion of the pleader. We do not consider there is any merit in these contentions. Aside from any question of the doctrines of aider or cure of pleadings by verdict, findings, or judgment, or cure by the right of amendment to conform to proof, whether such right be exercised or not, we are of the opinion that the allegations were sufficient to raise the pleas of exoneration and lack of consideration. The instrument was not set forth in any of the pleadings. The guaranty could have been an intrinsic part of the note. The pleadings did not indicate whether intrinsic or extrinsic evidence would be required as proof. As a matter of fact, as hereafter appears, the guaranty was intrinsic. [2] Nor is there any merit in the further objection to the plea that it fails to allege that the guarantors were not indemnified by the principal for the guaranty. It is true that under section 2819 of the Civil Code, if defendants were indemnified by the principal debtor, the exoneration would be inoperative to the extent of the indemnity. Defendants, however, were only required to plead the facts raising the question of exoneration, which they did; they were not required to anticipate a defense of this character and negative or avoid it. (*Moore* v. *Copp*, 119 Cal. 429, 433 [51 Pac. 630].)

[3]   Equally without merit is the claim that the plea of want of consideration, as set forth in the second affirmative defense, is defective. Defendants allege that the note was given "without any consideration whatsoever." In some jurisdictions a plea in this form is held to be a mere conclusion of the pleader. This is not the rule, however, in this state. It has here been expressly held that where an answer states in so many words that the note sued on was executed without any consideration whatever, it states a good defense. (*Rivera v. Cappa*, 29 Cal. App. 496 [156 Pac. 1016, 1017].) In denying a transfer in this case, our supreme court reviewed the former decisions upon the subject and held the allegation to be good. It is difficult to imagine why such a plea should be more specific. An allegation that there was no consideration expresses the fact with such clearness and certainty there remains no doubt upon the subject. By the words employed plaintiff was fully advised of the nature of the plea. We conclude, therefore, that the motion for judgment on the pleadings was properly denied. This brings us to the next and main contention of appellant that the evidence is insufficient to support the findings. It appears therefrom that in September or October, 1920, a company known as the Stockholders Auxiliary Corporation purchased the First National Bank in King City by acquiring all of its outstanding stock. The negotiations on the part of the buyer were conducted by one Giannini and defendants herein, Wetzel and Ulrey, represented the sellers. Giannini was president of the Stockholders Auxiliary Corporation and defendant Wetzel was a small stockholder of the selling bank, owning twenty-five shares therein. He was its cashier and Ulrey was its president. During the negotiations leading up to the sale Giannini was assured by Wetzel that the notes held by the bank were all good. Giannini had the notes examined by one Blauer, who made objection to three of them. The notes objected to were separate ones given by persons named Bidart, Wittman, and Castro and referred to in defendants' answer. Wetzel informed Blauer that he was willing to guarantee them if it was important. After his audit was completed Blauer made his report to Giannini and the sale of the bank was thereupon completed. At this time nothing was said by the parties relating to any guaranty and none was given.

During the negotiations Giannini had remarked to Wetzel that if he made good there was plenty of room at the top. After its sale the First National Bank continued to operate as such for about a year and Wetzel continued as its cashier. In May, 1921, he was transferred to Oakland to become manager of the College Avenue Branch of the Bank of Italy. The Bidart, Wittman, and Castro notes in the meantime remained unpaid, and in January, 1922, and while Wetzel was still manager of the College Avenue Bank, one Snyder, an officer of the Bank of Italy, requested Wetzel to guarantee them. In keeping with his oral promise made about a year before, Wetzel executed his guaranty of the three notes involved in the principal sums of $1,506.04, $3,167.90, and $931.93, respectively, covering the amounts of the Castro, Bidart, and Wittman obligations. These notes respectively carry the written memoranda "Re Castro guarantee," "Re Biddart guarantee," and "Re Wittman Bros. guarantee," all of which were written on the face of the respective notes before they were signed. They were made in favor of the Stockholders Auxiliary Corporation and matured in July, 1922. In the month of August of the same year the three guaranty notes were renewed by the consolidation into one note for the sum of $5,600 in favor of the Bank of Italy. This renewal note bore on the back thereof the memoranda "covering guarantee of Bidart, Wittman, and Castro notes" which was written thereon before the note was signed. Nothing was received by either of the defendants from anyone for the guaranty notes, nor did either of the defendants receive any of the money loaned to Castro, Bidart, or Wittman. At the time of the consolidation of the notes, Wetzel was no longer connected with the Bank of Italy. In November, 1922, demand was made for payment of the consolidated note. Defendant Wetzel thereupon paid the amount covering the Bidart and Wittman notes, but plaintiff was unable to produce the Castro note, it being claimed by it that it was lost. In December following, Wetzel was informed that the same had been found and he visited plaintiff bank for the purpose of paying the same. Wetzel discovered that the note was not the one he had guaranteed. The new note was executed in December, 1922, and antedated July 1, 1922, and was payable two years thereafter. The amount was for the principal sum

of $1,506.04, the increase over the amount of the original note representing the sum of $128.61 accrued interest. The findings of fact upon which the judgment for defendants is based include those that there was no consideration whatsoever for the $5,600 note or the other three notes for which said note was substituted by way of renewal, and the finding that plaintiff extended the time of the Castro obligation by accepting in lieu thereof a renewal note in a sum covering the original principal sums, plus interest and upon different terms as to time of payment, thereby exonerating defendants. It is appellant's contention that the evidence is insufficient to support these findings as it shows a consideration moving to Wetzel and also a prejudice suffered by Stockholders Auxiliary Corporation; and, further, that the note was not a guaranty, and in addition thereto that the Castro obligation was not renewed, but at best merely physicially replaced. In this connection it is claimed that it clearly appears from the evidence that defendants, who were respectively president and cashier of the selling bank, were interested in having the transaction consummated and in furtherance of this object voluntarily gave assurance that the notes were good and would be guaranteed by them. That it further discloses they were stockholders in the selling institution and profited as a result of the sale; that it was understood between Wetzel and the purchasing corporation that if such sale was consummated that subsequently another bank would become owner of the purchased corporation and Wetzel would be employed by it in the same capacity he held in the selling bank at an increased salary, and that his promotion would follow. That in pursuance of such negotiations the sale was consummated, the shares of stock were sold and employment and promotion followed. The weakness of this argument lies in the fact that there is no evidence that these considerations in any manner controlled the transaction or that they were ever considered by the parties as part of the consideration for the sale. The guarantees were executed about a year after the sale of the bank had been consummated. Giannini, representing the purchasing corporation, had never even mentioned, much less requested, at the time of the sale that the guarantees be given as part consideration for the transfer and none were in fact demanded or given at such time. No obligation was incurred

by Giannini to employ Wetzel, nor did Wetzel incur any obligation to guarantee the notes. It is true that Wetzel owned some twenty-five shares of stock in the selling corporation which had cost him $100 per share and which he sold by reason of the transaction for $115 per share, but it was never claimed or even intimated at the time of the transaction, nor is there any evidence to show that this fact was an inducing cause of the sale or that it formed any part of the consideration for the transfer or the assumption by defendants of the obligation by them of the payments of the notes. It must be remembered that the original obligations of Castro, Bidart, and Wittman were incurred in the year 1920, and the original guaranties were entered into in 1922, the latter forming no part of the consideration of the former. [4] Where a guaranty is entered into at the same time with the original obligation, or with the acceptance of the latter by the guarantee and forms with that obligation a part of the consideration to him, no other consideration need exist. In all other cases there must be a consideration distinct from that of the original obligation. (Civ. Code, sec. 2792.) [5] The guarantees, therefore, required a consideration distinct from that moving to Castro, Wittman, and Bidart. The trial court found that none existed and the evidence fully supports this finding. [6] The further argument is advanced by appellant that even conceding this to be true, the payment by defendants of the amounts represented by two of the notes operates as a conclusive recognition of consideration. We do not think so. Plaintiff was in no manner prejudiced, but rather benefited by the payments. No implied promise to pay the amount of the remaining note could possibly arise by such conduct. An implied promise under such circumstances is itself, without consideration, a mere *nudum pactum*, and unenforceable. Moreover, there never was in fact a part payment of an entire obligation. The note sued upon and upon which payments had been made and applied is really severable. It was a guaranty of three renewal notes. The amount paid was an exact discharge of the Bidart and Wittman items, and upon payment these notes were delivered to defendants and the receipt given to them bears the indorsement "Bal. due 1649.99 a/c Castro."

Counsel for respondent presents, in support of the judgment, the additional argument that any oral guaranty given or made when the sale took place was made to Stockholders Auxiliary Corporation, the buyer; that it was a special guaranty which would not inure to the benefit of plaintiff bank; that no one but the particular person addressed may act upon a proposal of special guaranty and the fact that the purchasing corporation may have been either the agent or principal of the Bank of Italy would not alter the situation; that a new party cannot be thus imported into a contract and imposed upon guarantors without their consent any more than a change can be made in other pre-existing conditions, as one has a right to choose those with whom he may contract (citing *Garfield* v. *Ford,* 191 Cal. 69 [214 Pac. 963]). The conclusion that we have reached that the findings of the trial court of lack of consideration of the obligations being fully supported by the evidence, a discussion of the distinction between a general and special guaranty would accomplish no useful purpose. While we are of the further opinion that the evidence supports the finding that defendants were exonerated (even assuming a liability to have existed) by the act of plaintiff in renewing the note, this question, too, becomes unimportant in face of the finding of lack of consideration.

The judgment is affirmed.

Knight, J., and Cashin, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 6, 1927.