[Civ. No. 10052.   Second Appellate District, Division Two.—May 31, 1935.]

PACIFIC STATES SAVINGS & LOAN COMPANY (a Corporation), Respondent, v. N. W. STOWELL, Appellant.

Davis & Thorne for Appellant.

John L. Mace and Roy D. Reese for Respondent.

WILSON, J., *pro tem.*—This appeal is from a judgment in favor of plaintiff upon a guaranty executed by defendant. Plaintiff's assignor, Fidelity Savings and Loan Association, made a loan to a corporation, taking a note therefor secured by a trust deed upon real property. Defendant was president of the corporation borrowing the money. The Fidelity company refused to make the loan unless defendant would guarantee payment thereof, which defendant, through an agent, agreed to do. The guaranty was not signed until after the execution of the note and the passing of the money from the lender to the borrower. Thereafter the Fidelity company assigned the note, trust deed and guaranty to plaintiff. After default in payment the property was sold, bringing an insufficient amount to satisfy the indebtedness. Thereupon this action to recover the deficiency was brought against the guarantor.

A guaranty of an antecedent debt of another must be supported by a consideration distinct from the original obligation (Civ. Code, sec. 2792), but an oral agreement to guarantee an indebtedness, followed by the execution of a written guaranty, is valid. (*Kinney* v. *Jos. Herspring & Co.,* 53 Cal. App. 628 [200 Pac. 737].) Where, as here, the making and delivery of the note, the transfer of the consideration from lender to borrower and the guaranty constituted one transaction, the consideration of the one promise supports the other and the guaranty is valid, even though the guaranty was not signed coincidentally with the signing of the note and the passing of the funds to the borrower. (*Howland* v. *Aitch,* 38 Cal. 133.)

Defendant contends that there was no agreement to guarantee the note on his part antecedently to or concurrently with the signing of the note or the making of the loan. There was no direct evidence to that effect, but there was sufficient circumstantial evidence. One Warner, general manager of the corporation which borrowed the money, made application to the Fidelity company for the loan. He was told that the

loan would not be made without the defendant's guaranty, and he said that the defendant told him to say that he, defendant, would guarantee the loan. Defendant was president of the corporation and as such he signed the note and trust deed. He testified that he owned no stock whatever in the corporation, but within one month after the date of the note he gave a financial statement to a national bank stating that he owned stock therein to the amount of $1,500,000. At the urgent request of Warner the money was paid by the Fidelity company before the guaranty was signed, Warner stating that the defendant was absent from the city and that he would sign upon his return. When subsequently an agent of the Fidelity company presented the note to him he, without hesitation, signed the guaranty, which bore the same date as the note, making no denial of his responsibility. The evidence was sufficient to establish the fact that Warner was acting as the defendant's agent in orally agreeing that the defendant would guarantee the note, that the agreement to guarantee was a part of the consideration for the loan and that the defendant by his acts ratified and adopted his agent's promise.

Agency may be proved by circumstantial evidence (*Bergtholdt* v. *Porter Bros. Co.*, 114 Cal. 681 [46 Pac. 738]), and when proved, the statements of the agent are admissible against his principal.

Both the Fidelity company and plaintiff were building and loan associations. A stipulation at the trial that the note, trust deed and guaranty were transferred by the Fidelity company to the plaintiff was sufficient to sustain the finding to that effect, and rendered further evidence unnecessary to show compliance with section 647a of the Civil Code as it read at the date of the transfer.

The appeal from the order denying a new trial is dismissed. The judgment is affirmed.

Stephens, P. J., and Crail, J., concurred.