[L. A. No. 13914. In Bank.—January 25, 1936.]

THE FIRST–TRUST JOINT STOCK LAND BANK OF CHICAGO (a Corporation), Respondent, v. ALICE R. MEREDITH, Appellant.

216

William M. Hiatt and John M. Hiatt for Appellant.

Freston & Files, Clarence M. Hanson and Ralph E. Lewis for Respondent.

SHENK, J.—This is an appeal by the defendant from a judgment on the pleadings.

The plaintiff sued the defendant as a comaker of a promissory note payable to the plaintiff for $40,000, dated "State of Iowa, September 27, 1923". The note provided that both principal and interest should be payable in sixty-eight semi-annual instalments of $1300 each, beginning on May 1, 1924, and ending May 1, 1958. The note stated that it was secured by a mortgage deed made by Robert Meredith and Alice R. Meredith, his wife, and Harlan Meredith, a bachelor, to the plaintiff, conveying real estate in the county of Poweshiek, state of Iowa. The note and the mortgage were signed by the three persons mentioned. The note contained no acceleration of the maturity date of payment of the balance unpaid in case of default, but the mortgage provided that in case of default in the payment of any instalment the mortgagee might without notice declare the entire debt immediately "due and payable", and thereupon the mortgagee should be entitled to immediate possession and appointment of a receiver, and to foreclosure of the mortgage.

The plaintiff alleged that the instalment due on November 1, 1931, remained unpaid and that the mortgagee exercised the option to declare the entire debt due and payable. This action was brought against Alice R. Meredith alone to recover the entire balance due on said note, without any proceeding first having been taken in the state of Iowa to foreclose the mortgage. There was no allegation that the security was valueless.

The defendant interposed defenses based on allegations that the note and mortgage signed by her were without any consideration and that her signature thereto was obtained solely for the purpose of releasing her contingent right of dower in the real estate involved; that the plaintiff knew the purpose of her signature to said instruments and placed no reliance on the personal credit of the defendant in the repayment of the loan; that under the laws of the state of Iowa a wife incurs no personal liability where the sole purpose of her signature is to relinquish her right of dower in the mortgaged property. The defendant also alleged that the action on the note alone was not maintainable without foreclosure first being had, but if maintainable at all, the plaintiff was entitled to recover only the instalment then due, in accordance with the terms of the note.

The court granted the plaintiff's motion for judgment on the pleadings and entered judgment for the plaintiff for the entire unpaid balance of principal and interest.

The first point to be considered is whether the action is maintainable on the note without foreclosure of the mortgage on land in another state, in the absence of a showing that the security is worthless. The defendant relies on section 726 of the Code of Civil Procedure as indicative of at least a policy that an action on the note is not maintainable in this state where the mortgage covers land in another state without an allegation and proof that the security had first been applied to the discharge of the debt secured. Section 726 of that code provides for but one action for the recovery of a debt secured by mortgage, which shall be in accordance with the provisions of part 2, title 10, chapter 1 of the Code of Civil Procedure. It is beyond dispute that those provisions deal with procedure only and cannot operate extraterritorially. (*Colton* v. *Salomon,* 67 N. J. L. 73 [50 Atl. 588] ; *Maxwell* v. *Ricks,* 294 Fed. 255 [42 A. L. R. 460].) This court has declared that the section applies only to mortgages on land in this state (*Felton* v. *West,* 102 Cal. 266 [36 Pac. 676]), and the section will not operate to defeat an action on the note alone where the mortgage involves real property in another state or country. (*McGue* v. *Rommel,* 148 Cal. 539, 545 [83 Pac. 1000] ; *Denver Stockyards Bank* v. *Martin,* 177 Cal. 223 [170 Pac. 428] ; see note, 42 A. L. R. 483.) No argument or authorities are presented which would impel or justify a different conclusion

at this time. Consequently the statement that the plaintiff "may not waive its security" and sue on the note, has no application in the present case. The question whether the plaintiff has waived its security is one properly for the courts of the state of Iowa in the event the plaintiff institutes a foreclosure proceeding in that state after having brought its action on the note alone in this state.

The defendant next contends that in this suit on the note alone the plaintiff is bound by the terms of the note without reference to the provisions of the mortgage accelerating the due date of the balance unpaid but which is not yet due according to the terms of the note; that consequently the plaintiff's recovery should be limited to the amount of the instalment which became due on November 1, 1931. The law of this state appears to have become established that the note and mortgage should be construed together and be read as one contract; that where the mortgage provides that upon default in the payment of any instalment of principal and interest due, the balance of the principal and interest may be declared immediately due and payable, the declaration in accordance with the provision of the mortgage may serve to accelerate the due date of the note for all purposes. (*Beal* v. *Stevens*, 72 Cal. 451 [14 Pac. 186]; *Clemens* v. *Luce*, 101 Cal. 432 [35 Pac. 1032]; *Meyer* v. *Weber*, 133 Cal. 681 [65 Pac. 1110]; *Hall* v. *Jameson*, 151 Cal. 606 [91 Pac. 518, 121 Am. St. Rep. 137, 12 L. R. A. (N. S.) 1190].) If we assume from the pleadings that the contract was executed in Iowa and was to be performed there, or that the parties intended that the law of Iowa should govern the interpretation and validity of the contract, nevertheless it does not appear that the law of Iowa is inconsistent with the result to be deduced from the foregoing cited cases, viz., that the provisions for acceleration in the mortgage alone may be read with the note and be employed to accelerate the maturity of the note for any purpose consistent therewith. (See *Clayton* v. *Whitaker*, 68 Iowa, 412 [27 N. W. 296]; *Fox* v. *Gray*, 105 Iowa, 433 [75 N. W. 339]; *Des Moines Savings Bank* v. *Arthur*, 163 Iowa, 205 [143 N. W. 556, Ann. Cas. 1916C, 498]; *Coffin* v. *Younker*, 196 Iowa, 1021 [195 N. W. 591]. See, also, notes, 34 A. L. R. 850 et seq.; 56 A. L. R. 185 et seq.) The language of the mortgage does not necessarily restrict the operation of the acceleration clause to foreclosure proceedings, if, upon declaring the entire

balance of the note "due and payable", after default as provided therein, a remedy upon the note alone is available under the law of the forum.

We now come to a consideration of the contention of the defendant that she has stated a good defense under the law of Iowa. Both parties to the action appear to concede that the question whether the defendant is to be held personally liable under the facts pleaded, viz., where her signature was without consideration and was given only to release her dower rights, is governed by the law of the state of Iowa. The law of that state is therefore assumed to be the applicable law (*Pritchard* v. *Norton*, 106 U. S. 124 [1 Sup. Ct. 102, 27 L. Ed. 104]), of which the court will take judicial notice. (Sec. 875, subd. 3, Code Civ. Proc.)

In a number of the decisions of the Supreme Court of the state of Iowa it has been held that in an action between the parties to the note and mortgage, a wife may defend against an attempt to impose liability on her by virtue of her signature on the ground that she received no consideration and that she signed merely for the purpose of disposing of her dower right and that her signature was obtained by the payee for no other purpose. In those cases it appears to be recognized that allegations to that effect, if supported by the proof of the facts surrounding the negotiations between the parties, will constitute a complete defense to any action as against the wife. In *Le Fleur* v. *Caldwell*, 196 Iowa, 727 [195 N. W. 234], the wife's signature appeared on both the note and a chattel mortgage. In an action to recover on the note and mortgage the wife was permitted to defend on the ground of want of consideration as to her, and a denial of recovery as against her was upheld for the reason stated by the court that the proof showed that the wife's signature was procured merely as a matter of precaution against any future denial of the validity of the lien as having been made upon exempt property.

In the case of *Hinman* v. *Treinen*, 196 Iowa, 701 [195 N. W. 345, the wife with her husband had signed a note and a mortgage on real estate. The court followed several earlier cases cited by it and reversed a judgment against the wife, who had interposed the defense that her signature was obtained solely to release her contingent right of dower and that she

received nothing therefor, for the reason that the proof sustained her plea.

In *Insell* v. *McDaniels et ux.*, 201 Iowa, 533 [207 N. W. 533], a directed verdict in favor of the wife was upheld. There the court's decision was based on proof introduced in support of a defense that her signature to a note and mortgage also signed by her husband was without consideration. Further, in the case of *Cooley* v. *Will*, 212 Iowa, 701 [237 N. W. 315], decided June 20, 1931, a similar defense was allowed in a foreclosure action where the wife's signature appeared on several notes and mortgages with that of her husband. The court affirmed a dismissal of the proceeding as against the wife even though the record showed that the plaintiff testified that she at all times demanded the signature of the wife, who was possessed of property in her own right, as further security.

The foregoing and other similar cases are cited and adhered to in the case of *Jones* v. *Wilson*, 219 Iowa, 324, 258 N. W. 82, decided December 26, 1934.

The plaintiff relies on *American Commercial & Savings Bank* v. *Kramer*, 206 Iowa, 49 [219 N. W. 931], *Millard* v. *Curtis*, 208 Iowa, 682 [223 N. W. 489]·, *Starry* v. *Starry & Lynch*, 212 Iowa, 274 [234 N. W. 281], and *First National Bank of Logan* v. *Mether*, 217 Iowa, 695 [251 N. W. 505], as supporting its position that the defendant has not alleged facts sufficient to constitute the defense recognized by the above-cited decisions of the supreme court of Iowa. We cannot agree that the cases relied on support the plaintiff's position. In *American Commercial & Savings Bank* v. *Kramer*, an extension of the due date was accorded to the husband on condition that both the husband and wife should sign the agreement to pay the obligation involved. The defense of want of consideration based on proof that the wife received nothing for her signature, was obviously not sustainable in view of the other facts appearing. In the case of *Millard* v. *Curtis* the wife signed a note as the sole maker. In an action on the note the wife pleaded want of consideration. The plea was there likewise held not to be supported, although the wife received nothing, because it appeared that there was consideration which went to the husband. In that case as in the preceding cited case, the line of decisions including *Hinman* v. *Trei-*

*nen, supra,* was held not to be applicable. In *Starry* v. *Starry & Lynch* a wife's signature was not involved. There a son-in-law signed as comaker with his father-in-law and again the court distinguished the line of cases involving the suretyship of a wife for the debt of her husband and refused to extend the rule of those cases to the facts there at hand. In *First National Bank of Logan* v. *Mether* the judgment in a foreclosure action denying recovery against the wife was reversed because the proof showed that the note of the husband was renewed by the bank solely on its demand for the signature of the wife, who was possessed of separate property and for a mortgage of the husband's farm, as additional security. The cases of *American Commercial & Savings Bank* v. *Kramer, Millard* v. *Curtis* and *First National Bank of Logan* v. *Mether* were distinguished by the court in the case of *Jones* v. *Wilson, supra,* and held not to be inconsistent with the case of *Cooley* v. *Will, supra,* and similar cases.

In the present case we have only the question of the sufficiency of the defendant's statement to constitute a defense. That she has stated enough and should be permitted to introduce evidence in support of her allegations that her signature was without consideration and was given and obtained solely for the purpose of releasing her contingent dower right, sufficiently appears from the decisions herein cited. This conclusion accords with the views of the courts of this state as to the sufficiency of the plea of want of consideration. (*Rivera* v. *Cappa,* 29 Cal. App. 496, 499 [156 Pac. 1016] ; *Bank of Italy* v. *Wetzel,* 82 Cal. App. 240, 244 [255 Pac. 254].) The defendant was not obliged to and did not purport to set forth the probative facts which would support her plea. Whether she can support her plea by proof which will be deemed sufficient under the decisions of the supreme court of Iowa is obviously a question of fact to be determined upon a trial of the issues raised by her answer.

The court also gave to the plaintiff a judgment for attorney's fees in the sum of $1100. The defendant contends that an award for attorney's fees was not justified by the terms of the contract. The note did not provide for attorney's fees in event of suit to collect any instalment of the principal and interest. The mortgagee, following the provision that in case of any default the mortgagee may declare the

entire balance unpaid immediately due and payable, be entitled to immediate possession and the appointment of a receiver, and to proceed to foreclose the mortgage, provided: "and in case of foreclosure, such sum as may be lawful shall be allowed by the court for attorney's fees and all costs and expenses incurred by said bank or its attorneys, and be included in the judgment or decree". There was also contained in the mortgage a specific agreement by the mortgagors to pay, in addition to the principal and interest, "all costs and expenses of collection, if any there shall be, and any costs, charges or attorney's fees incurred and paid . . . in maintaining the priority of this mortgage, or in foreclosing the same". It is obvious that a recovery for attorney's fees in a suit on the note alone was not contemplated by the language of the quoted provisions, which are the only provisions in the mortgage on the subject. Since a foreclosure is not sought in this action it necessarily follows that the payment of attorney's fees was not within the terms of the contract sued on. The specific reference to attorney's fees in the mortgage in the event of foreclosure must be deemed to exclude that item as coming within the term "costs and expenses of collection" included in the same instrument.

The judgment is reversed and the cause remanded for further proceedings consistent with the views herein expressed.

Thompson, J., Seawell, J., Curtis, J., Conrey, J., and Waste, C. J., concurred.