[Civ. No. 11130. Second Appellate District, Division One.—January 8, 1937.]

H. E. RUSK et al., Appellants, v. RAYMOND JOHNSTON et al., Respondents.

Diether & Delbridge for Appellants.

Glen Behymer for Respondents.

BISHOP, J., *pro tem.*—Out of the conflicting evidence the finding emerges that D. Johnston's guaranty of a note and trust deed, on which plaintiffs seek recovery, was given without consideration and hence will not bear the burden of a judgment.

The real conflict in the case centered around the question: Was the guaranty either given or promised before the note transaction was completed, or was it afterward? The trial court found, among other things, that the guaranty "was executed and delivered without any consideration". Under the circumstances this finding was one of an ultimate fact, not a conclusion of law. See *Bank of Italy* v. *Wetzel,* (1927) 82 Cal. App. 240 [255 Pac. 254] ; *First-Trust etc. Bank of Chicago* v. *Meredith,* (1936) 5 Cal. (2d) 214 [53 Pac. (2d) 958]. What was said to the contrary in *Drovers Nat. Bank* v. *Browne,* (1928) 88 Cal. App. 716 [264 Pac. 265], did not have the approval of the Supreme Court at the time and is not consistent with its comments in *First-Trust etc. Bank of Chicago* v. *Meredith, supra,* and in its denial of a hearing in *Rivera* v. *Cappa,* (1916) 29 Cal. App. 496 [156 Pac. 1016, 1017]. Want of consideration for the guaranty was properly pleaded. There is no contention that any consideration was given for the guaranty other than that to be found in the transaction in which the note and trust deed were given, to which the guaranty refers. There is substantial evidence that the guaranty was not requested nor given until after the note was executed and the consideration for the note passed. In the premises no consideration for the guaranty can be found. (Sec. 2792, Civ. Code; *Bank of Italy* v. *Wetzel, supra.*)

We fail to see any theory on which plaintiffs may claim that the defendant D. Johnston should be estopped to deny the existence of consideration. So far as appears, the only action the plaintiffs have taken in reliance upon the guaranty has been the joining of the defendant D. Johnston in this suit.

The judgment in favor of D. Johnston is affirmed.

Houser, P. J., and Doran, J., concurred.