DOOLING, J.
 

 Appellants Miller, husband and wife, sued A. M. Smith for rent which they claimed to be due, owing and unpaid according to the terms of a written lease of real and personal property dated January 15, 1955, and for damages which they alleged had been caused by the failure of defendant to keep and maintain the leased property in good condition and repair. In the same complaint plaintiffs also prayed judgment against David D. Schmidt in the amount of $5,000, this
 
 *115
 
 being based on an alleged written agreement of guaranty-executed by Schmidt. The defendants denied these allegations, Schmidt alleging that the guaranty sued upon was executed without consideration. Smith, furthermore, cross-complained, praying judgment for $6,500 in damages allegedly suffered as a result of his having been induced to enter the leasing agreement by the plaintiffs’ false and fraudulent representations and promises. The court, sitting without jury, made certain findings of fact and conclusions of law, in accordance with which it decreed that plaintiffs recover from defendant Smith the sum of $3,824.70, and the further sum of $400 in attorneys’ fees as provided for in the lease and that Smith take nothing by his cross-complaint. The court further ordered that plaintiffs take nothing against defendant Schmidt, it having concluded that there was no consideration for the guaranty sued upon. From the judgment in favor of Schmidt plaintiffs appeal.
 

 By the instrument dated January 15, 1955, the appellants leased their deep sea fishing business, the real property from which it was conducted and personal property including fishing boats, to defendant A. M. Smith for a period of five years at a rental of $250 per month. Smith took possession of the premises on that day. Although defendant-respondent Schmidt’s name originally had appeared on the lease, he had refused to sign it or to become a party thereto, and his name accordingly had been removed. He did, however, sign a guaranty dated January 26,1955.
 

 The lease itself provided in part as follows:
 

 “. . . Lessee further agrees before said lease becomes operative to deposit with Lessor the sum of Five Thousand ($5,000.00) Dollars in cash or other comparable security as a guarantee for the faithful performance of said covenants.”
 

 The guaranty reads:
 

 “I hereby agree to guarantee Mr. G. G. Miller $5,000.00 on Capt. A. M. Smith’s lease of the Sea Fox fishing business at Princeton, Calif.
 

 /s/ David D. Schmidt, M.D.”
 

 Smith did not keep up the payments of rent required by the lease, and appellants repossessed the premises on September 1,1955.
 

 The court found that the parties did, in fact, enter into the above-mentioned agreements on or about the dates which appear thereon. It also found that the plaintiffs had fully
 
 *116
 
 performed all the terms, covenants and conditions of these agreements on their part required, but that defendant Smith had failed to keep and maintain the leased property in good condition and repair as required by the lease, thereby damaging plaintiffs in the sum of $2,074.70, and that defendant had failed to make monthly rental payments as required by the lease, to plaintiffs’ further damage in the sum of $1,750. The court found that defendant Smith was insolvent, and that the plaintiffs had made demand upon defendant Schmidt to perform in accordance with the terms of his agreement.
 

 The testimony shows without conflict that while the lease dated January 15, 1955, was not fully executed or delivered to Smith on the date that it bears, Smith was permitted to enter upon and occupy the property on January 15, 1955. The evidence was in conflict as to whether the lease was fully executed and delivered to Smith about January 18, 1955, and before the execution of the guaranty by respondent Schmidt or was only fully executed and delivered to Smith on January 26, 1955, after respondent Schmidt had signed and delivered the instrument of guaranty to Miller. This disputed question of fact was crucial to the case since if the contract of guaranty was executed
 
 as a part of the lease transaction
 
 the consideration for the lease furnished consideration for the contract of guaranty. (Civ. Code, § 2792;
 
 Mortgage Guarantee Co.
 
 v.
 
 Chotiner,
 
 8 Cal.2d 110, 112 [64 P.2d 138, 108 A.L.R 1080];
 
 Pacific States Sav. etc. Co.
 
 v.
 
 Stowell,
 
 7 Cal.App.2d 280, 281 [46 P.2d 780];
 
 Rowland
 
 v.
 
 Aitch,
 
 38 Cal. 133, 135-136; 46 Cal.Jur.2d, Suretyship and Guaranty, §21, p. 219.)
 

 The trial court resolved this disputed question of fact by its finding II in accordance with the allegation of the complaint that the contract of guaranty was executed by respondent Schmidt “on or about January 26, 1955, and as a part of the same transaction of said lease.” Despite this finding, which under the authorities cited would compel the conclusion that the guaranty was supported by the consideration of the lease, the court also expressly found under its conclusions of law “that there was no consideration for said guarantee of Defendant David D. Schmidt.” While this appears under the conclusions of law, it is in fact a finding of ultimate fact.
 
 (Rusk
 
 v.
 
 Johnston,
 
 18 Cal.App.2d 408 [63 P.2d 1167]; opinion of Supreme Court on denial of hearing in
 
 Rivera
 
 v.
 
 Cappa,
 
 29 Cal.App. 496, 498-499 [156 P. 1016, 1917].)
 

 In the face of these conflicting findings respondent seeks to save the judgment by appealing to the rule that a finding
 
 *117
 
 of ultimate fact will prevail over one of probative fact.
 
 (Perry
 
 v.
 
 Quackenbush, 105
 
 Cal.
 
 299, 305
 
 [38 P.
 
 740];
 
 2 Witkin, California Procedure, § 121, p. 1854.) The rule is subject to the qualification, however, that if the ultimate fact depends necessarily upon the probative facts as found and is necessarily inconsistent therewith this rule cannot be applied. (48 Cal.Jur.2d, Trial, § 309, pp. 311-312.) In our view this is such a ease. Respondent seeks to support the finding of no consideration on the theory that the entry of Smith into the premises was under a previous informal writing whereby the appellants “do hereby agree to lease” the property. This agreement was not pleaded and was introduced subject to appellants’ objection that it is “not within the issues of the ease.” The court made no finding with regard to this document and did find in accordance with the allegations of the complaint the execution of the lease dated January 15, 1955, and based its other findings and the recovery against Smith thereon. It is clear that the court completely disregarded this earlier document and found that the formal lease was the one binding on the parties.
 

 There is also a finding that “Plaintiffs permitted A. M. Smith to enter upon the premises before January 26, 1955.” This finding cannot aid respondent under the uncontradicted evidence all of which is to the effect that Smith entered upon the premises on January 15, 1955, while the lease dated January 15, 1955, was still being negotiated and before it was finally executed and delivered. Such an entry is not attributable to the unexecuted lease but creates a mere tenancy at will.
 
 (Carteri
 
 v.
 
 Roberts,
 
 140 Cal. 164, 167 [73 P. 818];
 
 Linnard
 
 v.
 
 Sonnenschein,
 
 94 Cal.App. 729, 735 [272 P. 315].) The subsequent execution and delivery of the written lease operated to enlarge the rights of Smith by converting this tenancy at will to a term for years
 
 (Linnard
 
 v.
 
 Sonnenschein, supra,
 
 94 Cal.App. at p. 735) and hence was supported by consideration.
 

 Under the circumstances of this case we feel that justice will best be served by remanding it for a new trial.
 

 Judgment in favor of defendant David D. Schmidt reversed.
 

 Kaufman, P. J., and Draper, J., concurred.
 

 A petition for a rehearing was denied April 21, 1960, and respondent’s petition for a hearing by the Supreme Court was denied May 18, 1960. Sehauer, J., was of the opinion that the petition should be granted.